STATE OF FLORIDA, EX REL., FRED H. DAVIS, ATTORNEY GENERAL, *Relator*, v. JOHN FOWLER ET AL., AS BOARD OF PLUMBING COMMISSIONERS OF THE STATE OF FLORIDA, *Respondents*.

En Banc.

Opinion Filed October 21, 1927.

Petition for Rehearing Denied December 2, 1927.

*Fred H. Davis,* Attorney General, and *Mabry, Reeves & Carlton,* Attorneys for Relator;

*Whitaker & Whitaker, W. C. Hodges* and *C. L. Waller,* Attorneys for Respondents.

### STATEMENT.

This is an original proceeding in *quo warranto* designed to test the constitutionality of Chapter 10207, Acts of 1925, as amended by Senate Bill 113 of the Acts of 1927. By

authority of the Legislative Acts assailed, the respondents claim to constitute, and are exercising the functions of, "The Board of Plumbing Commissioners of the State of Florida," and one of the respondents is also exercising "the office of State Plumbing Inspector" by virtue of the same authority. The petition, with the amendment thereto, specifies twelve grounds upon each of which it is claimed that the said Acts are unconstitutional and void.

The history of legislation relative to plumbers in Florida is as follows: By Chapter 6944, Acts of 1915, it is provided that in every city of 10,000 inhabitants or more a Board of Examiners of Plumbers should be created, and that all persons engaged in the business of plumbing in such cities "either as a master plumber or employing plumber or as journeyman plumber shall first receive a certificate," etc. Examinations are provided for and it is also stipulated that such cities shall provide rules for the construction and installation of plumbing. This Act was amended by Chapter 7312, Acts of 1917, and the above summary, more accurately speaking, is the effect of the first Act as amended. This law is found in the Revised General Statutes of 1920, Section 2251, et seq. In 1925, the Legislature, by Chapter 10207, undertook to amend the Acts of 1915 and 1917 (ignoring the fact that said Acts had been superseded by the Revised General Statutes) by creating a State Board in lieu of the city boards previously provided for, and a State Inspector, and authorizing said State Board "to establish, adopt, promulgate and put into effect a code governing the installation of plumbing" and to "make such rules and regulations * * * as it may consider necessary to the proper performance of its duties." Also requiring all plumbers to obtain a certificate from said State Board and have the same renewed annually, paying therefor certain designated fees, and stipulating

that "any person receiving a license to engage in the plumbing business, as provided by this Act, may engage in such business in any and all cities and towns in this State without the payment of any additional license fee, except in such towns as such person, or persons maintain an office." Also "a certificate issued by the Board of Plumbing Commissioners shall be effective throughout the State of Florida." The Board, as such, receives no salary, but is authorized to pay its own traveling expenses as well as the expenses of the plumbing inspector and deputy plumbing inspectors. By Section 10 of the Act, the office of State Plumbing Inspector is created. He is appointed by the Governor and holds for four years. His salary is fixed at $2,400 per annum, and by the amendment of 1927, it is provided that "the salary of the State Plumbing Inspector shall be fixed by the said Board of Plumbing Commissioners and shall not exceed $4,200.00, payable monthly by the said Board, etc. Also that "said Board of Plumbing Commissioners shall fix the duties of the State Plumbing Inspector and shall have the supervision of such officer." The operations of the Board are financed by funds raised as follows: Each applicant for certificate to engage in the business of a master plumber must pay $25.00, and $10.00 for the renewal of the certificate on the 1st day of each year; the journeyman plumber must pay $5.00 for the original examination, and $3.00 for each annual renewal; also the commissioners are authorized "to charge and collect a fee of 50 cents for each and every waste opening on all plumbing work installed in the State of Florida, and an additional fee of $.25 for each fixture installed in connection with such plumbing work. All such fees shall be paid by the plumber at the time of application for a permit to do such work," etc. No provision is made to safeguard the moneys so authorized to be raised. Such

funds are handled by the plumbing commissioners without let or hindrance, with no duty to account to any person, and without bond or other security. No part of the fund is ever conveyed into the State Treasury.

Demurrer to petition was filed.

BUFORD, J., after stating case:

The petition with the amendment thereto alleges twelve (12) grounds of attack upon each of which it is contended that the Act of the Legislature here under consideration is unconstitutional and void. It will not be needful to discuss more than two of the grounds of attack, though it may be that some of the objections contained in other grounds are as well founded as are those objections which we shall discuss. Section 16 of Article 3 of the Constitution of Florida is as follows:

"Each law enacted in the Legislature shall embrace but one subject and matter properly connected therewith, which subject shall be briefly expressed in the title; and no law shall be amended or revised by reference to its title only; but in such case the Act, as revised, or section as amended, shall be re-enacted and published at length."

In State v. Burns, 38 Fla. 367, 21 Sou. 290, the Court say:

"Titles to bills must not be misleading or tend to avert inquiry as to provisions in Acts."

In Webster v. Powell, 36 Fla. 703, 18 Sou. 441, referring to this section of the Constitution, the Court say:

"One purpose of this section of the Constitution was to prevent fraud or surprise upon legislation by means of false and deceptive titles to bills calculated to mislead members of the Legislature into voting for bills containing provisions of which the title gives no information."

The Act under consideration violates Section 16 of Article 3 of the Constitution of the State of Florida in that the title of the Act is misleading and does not properly embrace the provisions found in the body of the Act. It appears from the title to the Act that it was the intention of the Legislature to amend Chapter 6944, Laws of Fla., Acts of 1915, as amended by Chapter 7312, Laws of Fla., Acts of 1917. These Acts both conferred powers on certain municipal corporations within the State to provide by ordinance, rules and regulations for the construction and maintenance of all plumbing or drainage placed in or on any buildings or the premises thereof and provide for the election of a plumbing inspector in such cities and provided for the creation of the examining board of plumbers in each of such municipal corporations. The corporations affected by the Acts of 1915 were those having a population of 10,000 or more and a system of water supply or sewerage. Those affected by the Acts of 1917 were the cities of 7,500 population or more.

There is nothing in the title of Chapter 10207, Acts of 1925, which indicates that the Board of Plumbing Commissioners is to be created thereby. There is nothing to indicate that the office of State Plumbing Inspector is to be thereby created, or that the Governor is to have authority to appoint such inspector. There is nothing to indicate that fees are to be charged and collected for examinations, licenses and registration of persons engaged in the business or work of plumbing or house drainage in the State, except a statement (which must be construed as surplusage appearing after the title and before the enacting clause) to the effect "That Chapter 7312, Laws of Florida, 1917, and the title thereof, be and the same is hereby amended so that the said chapter and title thereto, as amended, shall read as follows:

" 'Section 1. An Act to Regulate the Installation of Plumbing or House Drainage in the State of Florida, to provide for a Board of Plumbing Commissioners, and for Examination, Licensing and Registration of All Persons Engaged in the Business or Work of Plumbing or House Drainage in the State of Florida, Creating the Office of State Plumbing Inspector, and Fixing the Compensation of Such Officer, and Imposing Penalties for the Violation of this Act.' "

Section 13 of the Act provides penalty for violating any of the regulations in the code to be adopted by the Board of Plumbing Commissioners or any rule or regulation adopted by said Board and there appears no intimation of such provision in the title to the Act.

Section 1 of Article 3 of the Constitution of Florida reads as follows:

"The legislative authority of this State shall be vested in a Senate and a House of Representatives, which shall be designated, 'The Legislature of the State of Florida,' and the sessions thereof shall be held at the seat of government of the State."

Mr. Justice WHITFIELD, in writing the opinion of the Court in State v. A. C. L. Railway Co., 56 Fla. 617, 47 Sou. 969, in discussing the limitations on legislative authority as expressed in this section of the Constitution, says:

"The Legislature may not delegate the power to enact a law, or to declare what the law shall be, or to exercise an unrestricted discretion in applying a law; but it may enact a law complete in itself designed to accomplish a general public purpose, and may expressly authorize designated officials within definite valid limitations to provide rules and regulations for the complete operation and

enforcement of the law within its expressed general purpose."

It is true that the Act provides that in adopting a code the Commission should use the "basic principles adopted by the sub-committee on plumbing of the Building Code Committee of the United States Department of Commerce as shown in the final report of said sub-committee under date of July 3, 1923, with such additions as local climatic and other conditions may require." We can hardly conceive of a more indefinite legislative suggestion of the scope of the field to be covered by the proposed code.

The Act plainly violates the above quoted section of the Constitution in that it constitutes an attempt to illegally delegate legislative authority.

It may be stated that the paramount test as to whether or not a particular statute amounts to an invalid delegation of legislative power is the degree of completeness of the statute as it appears when it leaves the hands of the legislative body. The law must be so complete in all its terms and provisions when it leaves the legislative branch of the Government that nothing is left to the judgment of the delegate or appointee of the Legislature and where a statute passed by the Legislature is not complete as legislation, but authorizes an executive board or some other named authority to decide what should and what should not be deemed infringement of the law, it must be held unconstitutional as attempting to make an improper delegation of legislative power.

The Legislature in enacting a law complete in itself designed to accomplish the regulation of particular matters falling within its jurisdiction may expressly authorize an administrative commission within fixed and valid limits to provide rules and regulations for the complete operation and enforcement of the law within its express

general purpose. State v. A. C. L. Ry. Co., 56 Fla. 617, 47 Sou. 969.

The statute in the instant case is too vague and incomplete as a law in itself to become the vehicle for the authorization of the administrative commission to proceed to establish, adopt, promulgate and put into effect a code governing the installation of plumbing, house drainage and sewerage disposal. Because of the Constitutional infirmities pointed out, the Act is invalid and void.

The demurrer having admitted the material allegations of the petition and this cause having been presented for final disposition, it is held that the demurrer should be overruled and it is so ordered.

It is now the judgment of the Court that John Fowler, George M. MacDonnough, Albert Meissner, W. E. McAndrew and John H. Bronzonie without lawful authority have usurped and assumed and do now usurp and assume to exercise the offices of Plumbing Commissioners of the State of Florida, and the said John H. Bronzonie without lawful authority has usurped and assumed to and does now assume to exercise the office of State Plumbing Inspector, and that the said respondents be, and they are hereby required and commanded forthwith to render a due and proper accounting of the monies in their possession acquired by virtue of each and every of the said officers and that they, the said respondents, without delay pay the same over to the State Treasurer of the State of Florida and that they, the said John Fowler, George M. MacDonnough, Albert Meissner, W. E. McAndrew and John H. Bronzonie, constituting the pretended Board of Plumbing Commissioners, and the said John H. Bronzonie holding the pretended office of Plumbing Inspector, each be, and they are hereby absolutely excluded and ousted from holding or exercising the said offices or either of them

under the pretended authority of Chapter 10207, Laws of Florida, Acts of 1925, as amended by Senate Bill 113, Laws of Florida, Acts of Legislature of 1927, and that the State of Florida do recover costs to be taxed by the Clerk in this behalf.

ELLIS, C. J., AND WHITFIELD, TERRELL, STRUM AND BROWN, J. J., concur.