THE STATE OF FLORIDA, *Plaintiff in Error,* vs. H. V. COARSEY, *defendant in Error.*

141 So. 740.

En Banc.

Opinion filed May 21, 1932.

*Cary D. Landis,* Attorney General, and *Dewey A. Dye,* State Attorney, for Plaintiff in Error;

*G. O. Lea* and *Grimes & Rowe,* for Defendant in Error.

PER CURIAM.—This writ of error was taken to a certificate made by the Judge of the Twenty-seventh Judicial Circuit in a special proceeding under Chapter 14851, Acts of 1931.

The statute is a special law purporting to make an appropriation for the relief of a particular person, "subject, however, to the condition mentioned in Section 2 of this act."

"Before any warrants shall be drawn by the Comptroller under this Act, the said H. V. Coarsey shall present to the said Comptroller a certificate from the Circuit Judge of the Eighteenth Judicial Circuit of Florida in which he shall certify that he has heard all the testimony of the said H. V. Coarsey in connection with the aforesaid accident, and that in his opinion the said H. V. Coarsey would be entitled to recover the said sum of $4,130.50 or any less part thereof to be named in the certificate, in the event the said H. V. Coarsey was injured on the properties of a private corporation under like conditions to that which he was acting at the time of the accident aforesaid in which he was damaged. In

the event the said Circuit Judge shall certify that the said H. V. Coarsey would be entitled to recover, but would not be entitled to recover as much as the amount above mentioned, then the warrant shall be drawn for the amount which the said Judge shall recommend as being payable under the circumstances." Sec. 2, Chapter 14851, Acts 1931.

"It shall be the duty of the Judge of the Eighteenth Judicial Circuit of Florida to make an investigation of the matter heretofore referred to and cause to be made the certificate heretofore mentioned, and it shall be the duty of the State's Attorney of said district to represent the State in said proceedings." Sec. 3, Chapter 14851, Acts 1931.

The transcript states that the proceeding

"came on for trial before the Honorable Paul C. Albritton, as Judge of the Twenty-seventh Judicial Circuit of the State of Florida, in the absence from his circuit of the Honorable W. T. Harrison, Judge of the Eighteenth Judicial Circuit of Florida."

As the statute expressly and specifically requires the investigation and the certificate to be made by the Judge of the Eighteenth Judicial Circuit, the proceeding did not conform to the statute. If the proceeding may be regarded as a judicial matter in which another circuit judge can act in the absence of the resident circuit judge, the statute violates the organic provisions, that no local or special law shall be passed "regulating the jurisdiction and duties of any class of officers, except municipal officers" or "regulating the practice of courts of justice, except municipal courts," Sections 20, 21, Article III.

If this may be regarded as a suit against the State, it is a local or special and not a general law required by Section 22 of Article III of the Constitution.

The certificate is unauthorized and is quashed under the general powers of this Court. See Section 4637 (2918) Compiled General Laws, 1927.

544

It is so ordered.

Buford, C.J., and Whitfield, Ellis, Terrell, Brown and Davis, J.J., concur.