THE STATE OF FLORIDA, ex rel., H. V. COARSEY, *Petitioner*, vs. W. T. HARRISON, Circuit Judge, *Respondent*.

144 So. 316.

Division B.

Opinion filed October 18, 1932.

*G. O. Lea, Dan McCord, E. G. Grimes* and *A. B. Rowe*, for Petitioner;

*Dewey A. Dye*, for Respondent.

WHITFIELD, P.J.—The legislative Acts of 1931 contain the following:

"Chapter 14581—(No. 213).

AN ACT for the Relief of H. V. Coarsey, of Braden-

town, Florida, for Damages to Person and Automobile Growing Out of An Accident on State Road Project 669-V on State Road No. 27 on or About July 12th, 1928, and Prescribing the Duties of Circuit Judge of the Eighteenth Judicial Circuit of Florida and State's Attorney of said District.

WHEREAS, H. V. Coarsey, of Bradentown, Florida, suffered injuries to his person and destruction of his automobile while traveling on State Road No. 27; and

WHEREAS, the State Road Department have heard the claim of proof of H. V. Coarsey; and

WHEREAS, the following resolution was unanimously adopted by the State Road Department which is in words and figures as follows, to-wit:

PROJECT 669-V—ROAD NO. 27—CLAIM OF H. V. COARSEY. Mr. H. E. Tabor of Bradentown presented to the Department a claim of H. V. Coarsey, in the sum of $4,130.50 for damages to car and person growing out of an accident on Project 669-V, Road 27, last year. Mr. Tabor submitted in connection with the claim documentary evidence as to the nature and extent of the accident.

On motion of Mr. Bayliss, seconded by Mr. Shands, the following resolution was unanimously adopted: BE IT RESOLVED, That it is the sense of this Department that H. V. Coarsey is entitled to reasonable relief on account of damages to himself and car, growing out of an accident on Project 669-V, Road 27, in 1928.

BE IT FURTHER RESOLVED, That the Chairman be and he is hereby authorized to submit to the Legislature all evidence in his possession touching the matter of said claim, for consideration in connection with such legislation as may be proposed for the relief of Mr. Coarsey.

Tallahassee, Florida, May 18, 1931.
STATE OF FLORIDA,
State Road Department.

I, W. P. Bevis, Secretary, State Road Department hereby certify that the above and foregoing is a true and correct copy of a resolution adopted by the State Road Department at a duly authorized meeting thereof

held in the City of Tallahassee on May 15th, 1929, original of which is on file in this office.

IN TESTIMONY WHEREOF, I have hereunto set my hand and affixed the Seal of the State Road Department the day and year first above written.

(Seal)                    W. P. BEVIS.

Therefore,

*Be it enacted by the Legislature of the State of Florida:*

Section 1. That the sum of $4,130.50 be and the same is hereby appropriated out of any monies in the State Treasury not otherwise appropriated, for the purpose of giving relief to the said H. V. Coarsey by reason of an accident on State Road No. 27 in the year 1928 which occurred when the said H. V. Coarsey was traveling over said road and which the State Road Department have acknowledged itself to be at fault, which sum shall be payable to the said H. V. Coarsey by warrant drawn by the Comptroller upon the State Treasurer for the sum aforesaid; which warrant shall be paid in like manner as other State warrants are paid, subject, however, to the condition mentioned in Section 2 of this Act.

Section 2. Before any warrants shall be drawn by the Comptroller under this Act, the said H. V. Coarsey shall present to the said Comptroller a certificate from the Circuit Judge of the Eighteenth Judicial Circuit of Florida in which he shall certify that he has heard all the testimony of the said H. V. Coarsey in connection with the aforesaid accident, and that in his opinion the said H. V. Coarsey would be entitled to recover the said sum of $4,130.50 or any less part thereof to be named in the certificate, in the event the said H. V. Coarsey was injured on the properties of a private corporation under like conditions to that which he was acting at the time of the accident aforesaid in which he was damaged. In the event the said Circuit Judge shall certify that the said H. V. Coarsey would be entitled to recover, but would not be entitled to recover as much as the amount above mentioned, then the warrant shall be drawn for the amount which the said Judge shall recommend as being payable under the circumstances.

In the event the said Judge of the Eighteenth Judicial

Circuit shall decide that the said H. V. Coarsey was injured under circumstances which was his own fault, and that he would not have been allowed to recover damages against the private corporation or individual under the circumstances under which his injuries were inflicted at the time of the accident, then upon a certificate to that effect having been made by the said Judge the application hereby made shall be utterly null and void and of no effect.

Section 3. It shall be the duty of the Judge of the Eighteenth Judicial Circuit of Florida to make an investigation of the matter heretofore referred to and cause to be made the certificate heretofore mentioned, and it shall be the duty of the State's Attorney of said district to represent the State in said proceedings.

Section 4. All laws and parts of laws in conflict herewith are hereby repealed.

Section 5. This Act shall take effect upon becoming a law.

Became a law without the Governor's approval.''

A certificate made under the above Act by the Judge of the twenty-seventh Judicial Circuit was quashed. State v. Coarsey, 105 Fla. 542, 141 So. 740.

Subsequently, upon petition of H. V. Coarsey, this Court issued an alternative writ of mandamus commanding the Judge of the Eighteenth Judicial Circuit to ''Act upon and take jurisdiction of the petition of the said H. V. Coarsey, and make the investigation and perform the duties required by Chapter 14851 of the 1931 General Laws of Florida,'' or to show cause etc.

By demurrer to and motion to quash the alternative writ, the respondent Circuit Judge avers the unconstitutionality of the Act, Chapter 14851, under which he is commanded to act.

The respondent Circuit Judge has a right to challenge the constitutionality of the enactment since it purports to prescribe his duties which are judicial. See State ex rel.

Turner and Mason v. Hocker, Judge, 36 Fla. 358, 18 So. 767.

Section 20, Article III of the constitution provides that "The legislature shall not pass special or local laws * * * *, regulating the jurisdiction and duties of any class of officers, except municipal officers," or "regulating the practice of courts of justice, except municipal courts."

The duties required by the Act to be performed by the Judge of the Eighteenth Judicial Circuit are judicial in their nature.

The title of Chapter 14851 is "An Act for the relief of H. V. Coarsey * for damages to person and automobile growing out of an accident on State Road Project 669-V on State Road No. 27 * and prescribing the duties of Circuit Judge of the Eighteenth Judicial Circuit of Florida * * ." The latter part of the title makes "prescribing the duties of Circuit Judge of the Eighteenth Judicial Circuit of Florida" one of the purposes of the Act. If that does not render the title double, it expresses a purpose to prescribe the duties of a particular Circuit Judge when acting judicially, and to regulate the jurisdiction and duties of one of a particular class of officers, not a municipal officer, as an indispensable part of the enactment. This makes the Act at least as to prescribing "the duties" of a single Judge, a local or special law "regulating the jurisdiction and duties" of a single State officer and "regulating the practice of courts of Justice," thereby violating the quoted organic provisions, and rendering the entire enactment inoperative, the several sections of Act being interdependent.

As the Act is framed, the provisions prescribing the duties of the Circuit Judge are not merely incidental to a single legislative subject for the relief of a particular individual.

The motion to quash the alternative writ is granted.

BUFORD, C.J. AND BROWN AND DAVIS, J.J., concur.

TERRELL, J., dissents.

DAVIS, J. concurring.—I agree that the Act is bad because it prescribes the duties of one particular Circuit Judge in violation of Section 20 of Article III. But my concurrence in the result is limited to the stated ground only, as I am unable to perceive any constitutional objection to the Act otherwise.

BROWN, J., concurring.—This Act appears to be in conflict, not only with Section 20 of Article III, but also with Section 11 of Article XVI and Section 4 of Art. IX of the Constitution. See in this connection State ex rel. Davis, v. Green, 95 Fla. 117, 116 So. 66. Brown vs. City of Lakeland, 61 Fla. 508, 54 So. 716; State v. A. C. L. R. Co., 56 Fla. 617, 47 So. 569, 32 L. R. A. (N. S.) 639, Bailey vs. VanPelt, 78 Fla. 337, 82 So. 789; State v. Fowler, 94 Fla. 752, 114 So. 435.