DEKLE, Justice.
Direct appeal brings this cause from Pasco County Court challenging the validity of Fla.Stat. § 317.781.[1] Fla.Const. Art. V, § 4(2), F.S.A. The statute is charged with unconstitutional vagueness. It is argued that the statute is not complete in its prohibitions and thereby allows an administrative agency such as the Florida Highway Patrol here to determine without sufficient standards in the statute, what should be or not be an infringement of its provisions, citing State ex rel. Davis v. Fowler, 94 Fla. 752, 114 So. 435 (1927).
The factual contention is that testimony upon which the alleged violation was predicated was that “puffs of sand were blown by the wind and movement of the truck onto the highway” for which appellant was cited for “allowing load to sift onto the highway”; that the truck was of solid metal construction with tight fitting tailgate and that no sand escaped from below nor from the sides or body of the truck; that it was specifically designed for this type hauling in the Pasco County area where the major portion of this type of sand is located and that it was properly loaded and any loss of sand was over the top of the truck body.
Appellant contends that the statute does not contemplate “blowing,” thereby providing no test at all to be applied to this alleged offense but instead permitting “an arbitrary crackdown on sand haulers in a selective enforcement campaign in a given geographical area,” depriving such truck drivers of equal protection under the law.
There is no denial of equal protection where the law is uniformly and equally applied even though it be at different locations at different times.[2] Obviously, law enforcement personnel (unfortunately limited in manpower and personnel) cannot be everywhere at one time. It is also recognized that publicized selective enforcement is effective in the enforcement of the law.
On the major contention regarding vagueness of the statute, it does not necessarily follow, as contended, that “sifting of sand” must come from below. It can of course sift over the sides as well, even though perhaps the inclusion of “blowing” of the sand might well have been included in the statute. Certainly “dropping” in the statute would cover the falling from the truck of its contents and the further provision “otherwise escaping therefrom” seems to meet appellant’s objections on vagueness and standards.
So long as the statute is sufficient to advise the average citizen of common intelligence who may be involved, of the offense proscribed, it withstands the as-
*679 sault of vagueness.[3] The testimony points out that these are regular truck drivers hauling over regular routes (which is one of the complaints of “arbitrary application” against them). Such persons are therefore particularly knowledgeable about the peculiarities of hauling sand in an open truck. Testimony supported the loss of sand behind the truck to such an extent that it was noticeable against the following highway patrol car. This is a recognized highway hazard in following or passing in such flying sand.
Appellant further contends that the statute is directed toward eliminating faulty construction of vehicles hauling sand (apparently meaning NOT toward the driver in the operation of them). This is one purpose of the statute, but it is not the only purpose. The language does not limit itself to this application. Appellant supports his contention by the fact that Florida does not have a so-called “tarpaulin law” nor one that requires a cover over contents of a truck or railroad car as some states do.[4] The absence of such a law does not change the clear meaning of the statute, which is directed not only toward the type and construction of such vehicles but against such drifting and sifting sand upon the highway in the trucks’ operation. It is of course the danger of flying sand to the following motorists and the presence of such material upon the roadway which is sought to be prevented by whatever means it may get there.
The various factual contentions asserted from the testimony here are those to be weighed by the trial court in determining whether there is any offense and these must of course be taken into consideration in determining guilt or innocence to the charge as made.
The statute meets constitutional requirements; the evidence supports the judgment.
Affirmed.
ROBERTS, C. J., and ERVIN, CARLTON, ADKINS, BOYD and McCAIN, JJ., concur.

. 1969 Fla.Stat. § 317.781 (amended as § 316.198(1), Ch. 71-135, eff. 1-1-72) : “Construction and loading requirements.— No vehicle shall be driven or moved on any highway unless such vehicle is so constructed or loaded as to prevent any of the load from dropping, sifting, leaking, or otherwise escaping therefrom, except for road maintenance purposes.”

. Atlantic Coast Line Ry. Co. v. Coachman, 59 Fla. 130, 52 So. 377, 20 Ann.Cases 1047 (1910); Hill v. State ex rel. Watson, 155 Fla. 245, 19 So.2d 857 (Fla.1944); Scarborough v. Newsome, 150 Fla. 220, 7 So.2d 321 (1942).

. State v. Magee, 259 So.2d 139 (Fla.1972); Smith v. State, 237 So.2d 139 (Fla.1970); and Brock v. Hardie, 114 Fla. 670, 154 So. 690 (1934).

. Cf. 1971 Fla.Stat. § 316.198(2), F.S.A.: “No person shall operate on any highway any vehicle with any load unless the load and any covering thereon is securely fastened so as to prevent the covering or load from becoming loose, detached or in any manner a hazard to other users of the highway.”