ON PETITION FOR REHEARING
PER CURIAM.
Respondents have filed a petition for rehearing contending that since § 112.-313(1), F.S.1973, as amended by Chapter 74-177, Laws of Florida, is a part of the statutory “code of ethics for public officers and employees” and since it is a code of ethics and is civil in nature rather than criminal, it is not subject to the constitutional tests of due process for vagueness that are applied to criminal statutes. Respondents liken it to a professional code of ethics and contend that it is no more vague than some restrictions of such professional codes. No authority has been cited and our research has revealed none which deal with vagueness in provisions of professional codes of ethics. We make no ruling here as to provisions of professional codes of ethics promulgated by organized professions. While our ruling may possibly have some bearing on a future case of such nature, we specifically confine the ruling to the case that is now before us.
This statutory code of ethics sets forth certain acts which public officers and employees are prohibited from performing. § 112.317, F.S.1974 Supplement, specifies the penalties which may be imposed for violations. §§ 112.320-.324, F.S.1974 Supplement, create an administrative agency, the Commission on Ethics (respondents here) which is empowered to investigate alleged violations by public officers and employees, hold hearings and determine whether violations of the Code have occurred. The Commission’s orders are subject to review by this court under § 120.68, Florida Statutes.
While this statutory code is not criminal, from our research we have found no authority and none has been cited to us to the effect that the constitutional point in question is limited to criminal cases. Our research has revealed the opposite. See the following cases which apply the rule against vagueness to non-criminal statutes which state agencies are called upon to administer: Sarasota County v. Barg, Fla., 302 So.2d 737 (1974); Schneider v. Sweetland, Fla., 214 So.2d 338 (1968); Bayou Barber College, Inc. v. Mincey, Fla., 193 So.2d 610 (1967). Also, the Supreme Court in Conner v. Joe Hatton, Inc., Fla., 216 So.2d 209 (1968), a civil case, succinctly set forth the proposition of law with which we are concerned.
“When the statute is couched in vague and uncertain terms or is so broad in scope that no one can say with certainty, from the terms of the law itself, what would be deemed an infringement of the law, it must be held unconstitutional as attempting to grant to the administrative body the power to say what the law shall be. See State ex rel. Davis v. Fowler, 1927, 94 Fla. 752, 114 So. 435, 437; and Lewis v. Florida State Board of Health, Fla.App.1962, 143 So.2d 867, 875. As stated in 1 Fla. Jur., Administrative Law, at page 243,
‘A law must be complete in itself, in all its terms and provisions when it leaves the legislative branch of government, so that by appropriate judicial review and control any action taken pursuant to such delegated authority may be kept within the defined limits of the authority conferred and within the express and implied limitations of all controlling provisions and principles of dominant law, and it is not left to an administrative authority to decide what should and *622 what should not be deemed infringement of the law.’ (Emphasis added.)”
The prohibition contained in the statute in the case sub judice falls within the prohibited range of vagueness and uncertainty proscribed by the above pronouncement of the law.
The petition for rehearing is denied.
BOYER, C. J., and McCORD & MILLS, JJ., concur.