BOYD, Justice.
Appellant was convicted in the County Court of Duval County on a nolo contendere plea of obtaining welfare assistance by fraud, contrary to Section 409.325(1), Florida Statutes. She reserved the right to appeal to challenge the constitutionality of the statute on the ground that it is vague.[1]
The statute follows:
“409.325 Fraud. — (1) Whoever knowingly obtains, attempts to obtain, or aids or abets any person in obtaining or attempting to obtain, by means of a false statement or representation, by false impersonations, or by other fraudulent device, assistance or service to which he is not entitled or assistance or service greater than that to which he is justly entitled; or whoever willfully makes any unauthorized disposition of any food commodity donated under any program of the federal or state government; or whoever, not being an authorized recipient thereof, willfully converts to his own use or benefit any such food commodity, shall be guilty of a misdemeanor of the first degree, punishable as provided in § 775.082 or § 775.083.”
Appellant complains that the statute lacks requirements and conditions sufficiently specific to protect someone, who, although technically not qualified to receive public welfare, does so in good faith.
In Moore v. State, 505 S.W.2d 842 (Tex.Cr.App.1974), the Texas “public welfare fraud” statute, with language nearly identical to that of our statute, was upheld against a “vagueness” attack. We agree with the Texas court that the language is sufficient to notify the public of the conduct it prohibits.
The statutory requirement which cures appellant’s objection is that before guilt can be established one must have fraudulently and by misrepresentation secured public assistance for himself or assisted others in *616 receiving it. This requirement alerts the public that the statute is aimed at those who, by malicious or deceitful motives, cheat the government by fraudulent conduct.
In Erwin v. State, 262 So.2d 677 (Fla.1972), we said:
“So long as the statute is sufficient to advise the average citizen of common intelligence who may be involved, of the offense proscribed, it withstands the assault of vagueness.” At 678, 679.
The statute meets that standard. Accordingly, the judgment of the trial court is affirmed.
It is so ordered.
OVERTON, C. J., and ADKINS, ENGLAND, SUNDBERG, HATCHETT and KARL, JJ., concur.

. During the proceedings appellant moved to dismiss because the statute was unconstitutionally vague. The motion was denied. We have jurisdiction. Art. V, § 3(b)(1), Fla.Const.