Mr. Wesley R. Poole City Attorney City of Fernandina Beach Post Office Box P Fernandina Beach, Florida 32034
Dear Mr. Poole:
This is in response to your request for an opinion on substantially the following question:
 MAY A MUNICIPALITY ADOPT AN ORDINANCE WHICH WOULD REQUIRE THAT VEHICLES CARRYING LOADS BE EQUIPPED SO AS TO PREVENT THE DROPPING OR SPILLING OF ANY SUBSTANCE ON PUBLIC ROADS AND WHICH WOULD IMPOSE LIABILITY UPON THE OWNER AND DRIVER FOR CLEAN-UP AND REPAIR OF DAMAGES FROM DROPPING OR SPILLING IF THE VEHICLE IS NOT SO EQUIPPED?
You state that the City of Fernandina Beach is interested in preventing the spillage of offensive liquids, such as concrete mix, and seafood liquid residues, which leave offensive odors.
Chapter 316, F.S., constitutes the Florida Uniform Traffic Control Law and was enacted to make uniform traffic laws applicable throughout the state and its several counties and uniform traffic ordinances to apply in all municipalities. Sections 316.001;316.002, F.S. See, s. 316.072(1), F.S. See also, AGO's 84-1; 78-141 and 77-84 which discuss the circumstances giving rise to Ch. 316, F.S. While municipalities have been granted the authority to pass certain traffic ordinances regulating municipal traffic, such authority is "supplemental to the other laws or ordinances of [Ch. 316, F.S.] and not in conflict therewith." Section 316.002, F.S. See, s. 316.008, F.S., expressly enumerating those areas within which municipalities may control certain traffic movement or parking on the streets and highways within their respective jurisdictions, including, inter alia, restricting the use of streets, prohibiting or regulating the use of controlled access roadways by any class or kind of traffic, or prohibiting or regulating the use of heavily traveled streets by any class or kind of traffic found to be incompatible with the normal or safe movement of traffic. Section 316.002 also provides that it is unlawful for any local authority to pass or attempt to enforce any ordinance in conflict with the provisions of Ch. 316. And see, s.316.003(20), F.S., defining local authorities as including "all officers and public officials of the several counties and municipalities of this state." Moreover, s. 316.007, F.S., states that the provisions of Ch. 316 shall be applicable and uniform throughout the state and in all political subdivisions and municipalities therein, and that "no local authority shall enact or enforce any ordinance on a matter covered by this chapter unless expressly authorized." (e.s.)
Therefore, ss. 316.002 and 316.007, F.S., effectively prohibit any conflicting municipal enactments on traffic control or enforcement under the police power, except as may be expressly authorized by Ch. 316, F.S. Attorney General Opinion 84-1. Cf., s. 166.021, F.S., which operates to prohibit municipalities from exercising any power for municipal purposes or enacting any municipal legislation when expressly prohibited by law or when the subject matter is expressly preempted to the state by general law; City of Miami Beach v. Rocio Corp., 404 So.2d 1066 (3 D.C.A. Fla., 1981), pet. for rev. den., 408 So.2d 1092 (Fla. 1981) (municipal ordinances are inferior to state law and must fail if a conflict arises); Tribune Company v. Cannella, 458 So.2d 1075 (Fla. 1984), appeal dismissed sub nom., DePerte v. Tribune Company, 53 U.S.L.W. 3807 (May 14, 1985), discussing the preemption doctrine as it pertains to the Public Records Act, Ch. 119, F.S.
Section 316.520(1), F.S., provides that
 No vehicle shall be driven or moved on any highway unless the vehicle is so constructed or loaded as to prevent any of its load from dropping, shifting, leaking, blowing, or otherwise escaping therefrom, except that sand may be dropped only for the purpose of securing traction or water or other substance may be sprinkled on a roadway in cleaning or maintaining the roadway. (e.s.)
See, Erwin v. State, 262 So.2d 677 (Fla. 1972), holding that former s. 317.781, F.S. 1969, a precursor to s. 316.520, F.S., was not unconstitutionally vague. See also, s. 316.520(2), F.S., imposing upon every owner and driver, severally, of any vehicle hauling upon any public road or highway open to the public dirt, sand, lime rock, gravel, silica, or other similar aggregate or trash, garbage, or any similar material which could fall or blow from such vehicle, the duty to prevent such materials from falling, blowing or in any way escaping from the vehicle, and requiring such loads be secured with appropriate covers. And see, s.316.003(54), F.S., defining "street or highway." Cf., s.316.525(1), F.S.
Pursuant to s. 316.2044(1), F.S., "[a]ny person who drops, or permits to be dropped or thrown, upon any street or highway any destructive or injurious material shall immediately remove the same or cause it to be removed." Cf., s. 316.2045, F.S. And see, s. 316.560, F.S., providing that any person driving or moving any vehicle, object or contrivance upon any highway or highway structure is liable for all damages sustained by the highway or structure as a result of any illegal operating, driving, or moving of such vehicle, object or contrivance, and if the driver is operating, driving, or moving the vehicle, object or contrivance with the express or implied permission of the owner, but is not the owner thereof, then the owner and driver are jointly and severally liable for any such damage; such damage may be recovered in a civil lawsuit brought by the authorities in control of the highway or highway structure. See also, s. 316.655(1), F.S., providing that a violation of any of the provisions of Ch. 316, F.S., except criminal offenses enumerated in s. 316.655(4) shall be deemed an infraction; s. 316.640(3) vesting the police department of a chartered municipality with the enforcement of the state traffic laws on the streets and highways thereof and elsewhere throughout the municipality wherever the public has the right to travel by motor vehicle. Cf., AGO's 81-41; 80-100; 74-222. See also, s. 316.006(2), F.S.
Based upon the foregoing statutory provisions, it appears that the regulation of vehicles carrying loads is uniformly regulated and preempted to the state by Ch. 316, F.S. Section 316.007, F.S., as discussed supra, clearly and explicitly constrains a municipality from enacting or enforcing any ordinance on a matter covered by Ch. 316, F.S., unless expressly authorized. While municipalities have been granted the authority to pass traffic ordinances regulating municipal traffic, see, s. 316.008, supra, I am not aware of any provision in Ch. 316, or elsewhere in Florida Statutes, which authorizes a municipality to adopt an ordinance requiring certain equipment for vehicles carrying loads and prescribing penalties therefor, nor has such a provision been brought to my attention. In the absence of such authorization, a municipality may not therefore regulate such traffic on the streets within its jurisdiction.
Accordingly, it is my opinion, until legislatively or judicially determined to the contrary, that the City of Fernandina Beach is not authorized by law to adopt an ordinance requiring certain equipment for vehicles carrying loads to prevent the spillage of substances on public roads.
Sincerely,
Jim Smith Attorney General
Prepared by:
John Rosner Assistant Attorney General