Vol. 299]　　　　APRIL TERM, 1923.　　　　663

State ex inf. Pope v. Mansfield Special Road District.

THE STATE ex inf. JOHN T. POPE, Prosecuting Attorney, ex rel. A. W. OBERHOLSER et al., v. MANSFIELD SPECIAL ROAD DISTRICT et al., Appellants.

Division Two, July 14, 1923.

1. **SPECIAL ROAD DISTRICT: Indivisible Power.** The statutory power of a special road district to issue bonds and to contract for the construction and maintenance of public roads therein is indivisible and single, and cannot by court decree or otherwise be assigned in part to the commissioners of the district and in part to the board of directors of the township in which the district is situated.

2. ———: **Quo Warranto: Conditional Ouster.** Where the petition asked for an unconditional ouster of the commissioners of a special road district, on the ground that the adoption of township organization in the county by implication had repealed the statute under which the road district was organized, a decree of the court cannot both oust the commissioners and then declare that they are not deprived of power to levy and collect taxes to pay the district's bonded indebtedness and other lawful obligations. A *quo warranto* proceeding is limited to the forfeiture of the franchise of a corporation and the ouster of officers from the exercise of official power.

3. ———: ———: **Injunction.** The question whether the adoption of the township organization by a county rendered inoperative the statute under which a special road district had been legally incorporated may be tested by an injunction to restrain the district commissioners from exercising powers which it is claimed the statute has conferred on the township trustees, and therein it may be determined, without destroying the autonomy of the road district to such an extent as will prevent the levying and collection of taxes to pay its outstanding obligations, whether its other powers have been transferred to the township board. A *quo warranto* to oust the commissioners of a legally organized special road district is not the appropriate procedure for the adjudication of such question.

Appeal from Wright Circuit Court.—*Hon. C. R. Skinker, Judge.*

REVERSED.

*N. J. Craig* and *Curtis & Vandeventer* for appellant.

(1) Mere inconsistency in two acts will not necessarily operate to effect the repeal of a municipal charter. The same principle would apply in the present case. 28 Cyc. 255; State v. Mobile, 24 Ala. 701, 706; Kopcynski v. Schriber, 161 N. W. 238; Wood v. Election Comm., 58 Cal. 561; Garrett v. Abbey, 47 La. Ann. 287; State v. Kerston, 118 Wis. 287. (a) Repeal of municipal charters, by implication, is a doctrine which meets with special disfavor in our courts. The prior statute will only be terminated when it is wholly irreconcilable with the former. State v. Kerston, 118 Wis. 287; Wood v. Election Comm., 58 Cal. 561; Green v. Clarke, 56 N. J. L. 62; Fish v. Brannon, 23 N. J. L. 484; People v. Highland Park, 88 Mich. 653; 28 Cyc. 255; Dillon on Municipal Corporations (5 Ed.) secs. 233, 234; State ex rel. v. Huff, 105 Mo. App. 354. (b) Repeals, by implication, are not favored, but the courts, if possible, should so construe a prior and subsequent act that both shall be operative. State ex rel. v. Bishop, 195 Mo. App. 30; State ex rel. v. Clarke, 275 Mo. 95; Nichols v. Hobbs, 197 S. W. 260; Gasconade Co. v. Gordon, 241 Mo. 569; Davidson v. Schmidt, 146 Mo. 368. (2) No state shall pass any law impairing the obligation of contracts. U. S. Constitution, art. 1, sec. 10; Mo. Constitution, art. 2, sec. 15; State ex rel. v. Railroad, 130 Mo. 243; Seibert v. Lewis, 122 U. S. 284; Moore v. Otis, 275 Fed. 747; Edwards v. Kearzey, 96 U. S. 595, 607; Home Tel. Co. v. Sarcoxie Co., 236 Mo. 114; State v. Miller, 50 Mo. 129. (a) The laws in force at the time a contract is made enters into and becomes a part thereof, and subsequent legislation changing that law, so as to affect the provisions of the contract by lessening the remedy of the contracting parties, is unconstitutional, and cannot affect vested rights. Moore v. Otis, 275 Fed. 747; Hicks v. Cleveland, 106 Fed. 459; Padgett v. Post, 106 Fed. 600; Edwards v. Kearzey,

96 U. S. 595, 607; 5 McQuillin on Mun. Corp. p. 4971; Seibert v. Lewis, 122 U. S. 284. (3) The judgment in this action is not responsive to the pleadings and is one that cannot be rendered in this kind of an action. High, Extraordinary Legal Remedies (3 Ed.) p. 600; Pease v. State, 208 S. W. 162; Com. v. Grimm, 255 Pa. 40; St. Louis v. Wright Con. Co., 210 Mo. 491; Germo Mfg. Co. v. Combs, 229 S. W. 1072. (4) The judgment is inconsistent in its provisions, in that it ousts the officers from their offices and the district from its franchises and then by a redeeming clause seeks to leave the corporate existence and the officers for certain purposes. It is necessary to the validity of a judgment that it should be certain and definite, or be capable of being made so by proper construction. 23 Cyc. 671. (5) Where a statute directs the performance of a certain thing in a particular way, it forbids by implication every other manner of performance. Taylor v. Comm., 186 N. W. 485; Smith v. Bach, 191 Pac. 14; Bank v. Board of Education, 205 Ill. App. 57; Ex parte Arascada, 189 Pac. 619; Dicersey v. Smith, 103 Ill. 378, 42 Am. Rep. 14; Winfield v. Railroad, 153 N. Y. Supp. 499, 168 App. Div. 351; State v. Crawford, 162 N. W. 717; State v. Sweaney, 270 Mo. 685; 36 Cyc. 1122.

*John T. Pope* and *John T. Sturgis* for respondents.

(1) It is argued that Mansfield Road District having been organized when Wright County was not under township organization and in accordance with the laws then existing and applicable to that county at that time, then no change in law, either by direct legislative act or by the act of the county in choosing another form of county government, could deprive such road district of its then existing powers and rights. This is manifestly not the law, except so far as such change in the law tends to impair the obligations of contracts already lawfully entered into. Municipal corporations are the creatures of legislative power, and their powers, rights, and

privileges may be changed or abolished at will, subject only to the one limitation that valid contracts cannot thus be impaired. 1 Dillon on Municipal Corporations (5 Ed.) sec. 92, p. 142; Harris v. Bond Co., 224 Mo. 664, 689. When counties choose to adopt Township Organization, then they choose to change the laws to conform to that mode of government. (2) If valid bonds have been issued, they must be paid. Relators are not seeking to destroy this road district if there are powers and duties for it to perform. These relators are only concerned with and are seeking to oust defendants from the exercise of certain powers which it no longer possesses, and particularly from demanding and receiving the road taxes levied by the township board. (3) That *quo warranto* is the proper remedy to oust and deprive a corporation from exercising specified powers and franchises, wrongfully claimed and exercised by it, and to keep such corporation within its rightful powers and franchises without abolishing it entirely, is the settled law. 32 Cyc. 1425, 1449; State ex inf. v. Mo. Pac. Ry., 206 Mo. 28; 22 R. C. L. 670; State ex inf. v. Fleming, 158 Mo. 567. (4) The defendant can point to no statute authorizing it to receive the taxes levied by the township board for road purposes. It can only be argued that the taxes levied by the township board are a substitute for and take place of the taxes levied by the county court in other counties. When the Legislature made provision for a county to change its form of government to township organization, it made no provision for this substitute tax, levied by the township boards, to be paid to the special road districts; and the courts cannot supply this legislation.

WALKER, J.—This is an action in *quo warranto* to oust from office the appellants as commissioners of Mansfield Special Road District in Wright County. Upon a hearing in the circuit court a writ of ouster was granted, from which judgment this appeal has been perfected.

In June, 1909, the Mansfield Special Road District was organized in Wright County under the provisions of

Article 10, Chapter 151, Revised Statutes 1899, as amended by Laws 1903, p. 260. These statutes, with certain amendments not material here, are now Sections 10800, 10801 and 10829, Revised Statutes 1919. Appellants and their predecessors are the commissioners of the special road district, and as such in the exercise of all the powers conferred upon them by the laws referred to. In November, 1920, Wright County changed its form of government and adopted township organization, as provided by Chapter 121, Revised Statutes 1919, and the same became operative in March, 1921. Aside from the prosecuting attorney the respondents constitute the board of directors of Pleasant Valley Township under township organization. The Mansfield Special Road District is within said township. The matter at issue is to determine the effect of the adoption of township organization upon the legal existence of the special road district and the consequent right of the appellants to continue to exercise the duties of commissioners of the same. More concretely, does the adoption of township organization clothe the respondents, who are the officers of Pleasant Valley township, with the power theretofore possessed by the commissioners of said special road district to receive and expend the money collected as road taxes in said district; or is that power retained by the commissioners? If the latter, then this writ should be denied.

However, other facts, preliminary in character perhaps, but nevertheless vital in the determination of the matter at issue, demand consideration before a discussion of the question can be had as to the effect of the adoption of township organization upon the legal existence of the special road district and the continued exercise of the powers of its commissioners.

In August, 1917, in conformity with a statute (Laws 1917, sec. 88, p. 472) authorizing the procedure, the Mansfield Special Road District issued and sold to the public its bonds in the sum of twenty thousand dollars, which were to mature serially at the rate of one thousand dollars per year for twenty years, the last bond maturing

twenty years after their issuance. Said bonds which have not matured are outstanding and unpaid obligations of the district. Annually since the issuance of said bonds the commissioners of the road district have, under the authority of Section 91 of said act, levied and collected a direct tax on the property of the district for the payment of the interest or the principal of the bond becoming due. The validity of this procedure has been determined by this court in Harris v. Compton Bond Co., 244 Mo. 664, and need not be further considered except as the power thus exercised may require a review in connection with the other powers conferred upon the commissioners. In addition to the foregoing outstanding obligations of the special road district, it is alleged by the appellants in their return and it is not denied in the argument filed by the respondents, styled a demurrer, that the district has entered into other contracts, some of which have been partly performed for the constructing, building and repairing of certain roads in the district and in furtherance thereof the district has obligated itself to pay for labor, material, tools and machinery used or to be used in the construction of such roads. These contracts, whether made in the issuance and sale of bonds or in the creation of other obligations, are but manifestations of one of the phases of the power with which the commissioners are clothed to enable them to effect the purpose for which the road district was incorporated. This power in whatever manner it is exercised has its legal origin in the statute authorizing the incorporation of the road district and is rendered operative by the incorporation of same and the selection of the commissioners to carry its purpose into effect. This purpose is the constructing and maintaining of the roads of the district. Arising from the same source and rendered operative through the same instrumentality this power is not divisible, whether it is exercised in the actual making and maintaining of the roads of the district or in the issuance and sale of bonds for that purpose. Recognizing the sole source of the power granted and the

singleness of the purpose of the incorporated road district, respondents concede the indivisibility of the authority of the commissioners in praying judgment of ouster against the appellants and each of them, to deprive them of the rights, powers and franchises which the respondents allege are being usurped and unlawfully used. The character of the power granted and the nature of the relief sought are not such as to authorize a judgment of ouster as to a particular franchise of the corporation of a certain grant of power to the commissioners. That this course may be pursued in cases permitting a segregation of franchises or of powers it may be admitted. [State ex inf. Atty. Gen. v. O. T. Bridge Co., 85 Maine, l. c. 33 and cases.] However, neither the facts nor the pleadings authorize the application of the exception here. Whether certain powers granted to the commissioners have been abrogated by the adoption of township organization and by the magic of construction conferred upon the officers of the township cannot be determined in this proceeding for the reasons stated.

That a judgment such as would have been authorized under the petition would have resulted in an impairing of the obligations of the contracts made by the district, there can be no question. It is evident that the court below sought by its rulings to avoid this result by an attempt to pick and choose the powers of the district to be preserved and those to be abrogated. We have shown by the nature of the power granted and the prayer for the relief sought that this manner of proceeding was unauthorized.

Viewed from another coign of vantage the judgment is equally obnoxious to criticism, in that it is not responsive to the pleadings. The latter, recognizing the indivisible nature of the power sought to be abrogated, prayed for an unconditional ouster. While the trial court found for the relators and adjudged unconditionally that appellants be ousted and that they have no right or power to demand, exercise or spend any funds arising from tax levies, etc., a saving clause was attempted to be appended as follows:

"The above order and judgment shall not be construed as dissolving said special road district or as depriving it of the power and duty to pay its valid bonded indebtedness or other lawful obligations, and levy and collect lawful taxes for such purpose, or to use and expend moneys now on hand or hereafter received other than the funds derived from tax levies made or to be made by the township board of directors of Pleasant Valley Township."

A *quo warranto* proceeding finds its limit in the forfeiture of the franchises of a corporation or in the ouster of officers from the exercise of official power. The particular relief sought in a given case is, of course, to be determined from the pleadings. There is nothing in the petition at bar which authorizes the attempt made by the trial court after ousting the commissioners of the Mansfield Special Road District to restore such power to them as will enable them to collect taxes and pay interest on outstanding bonds and perchance thereby escape the impairing of the obligations of contracts of the district. If the act providing for the creation of the special road district was repealed by implication by the adoption by Wright County of township organization, then, in the absence of any qualifying legislation authorizing a retention of any of the powers of the district, it ceased to exist and a judgment in *quo warranto* could no more than give judicial recognition of its demise. A modified judgment of ouster therefore attempting to perpetuate its powers in any respect is a mere nullity.

A comparison of the statute under which the special road district was created with the township organization act does not lend unqualified support to the conclusion that the adoption of the one will render the other inoperative. The determination of that question in the instant case is not necessary on account of the facts and the nature of the pleadings, which for the reasons stated, preclude the invoking of *quo warranto*. If the pleadings be so amended as to admit of an attempted ouster of the commissioners in regard to certain powers and the re-

tention by them of others it becomes a serious question whether this procedure will stand the test of judicial interpretation in the manner here submitted. That the office and purpose of the writ has been misconceived in this proceeding is attested, not only by the petition, but by the judgment. If it be true, as it may well be determined in a proceeding other than by the writ here invoked, that certain duties heretofore authorized to be performed by the commissioners have, within the contemplation of the township organization law, been conferred upon the township trustees, a proceeding to restrain the commissioners from the exercise of such duties may provide a remedy without destroying the autonomy of the special road district to such an extent as to prevent the levying and collection of taxes to pay outstanding obligations.

In consideration of all of which the judgment of the trial court is reversed. All concur.