State of Florida, ex rel. Cary D. Landis, as Attorney General, *Relator,* v. A. B. Prevatt, J. G. Dreka, Lillian Frances Nordum, W. E. Swope and G. A. Tyler, *Respondents.*

148 So. 578.

Opinion filed May 2, 1933.

30

*Cary D. Landis, Attorney General,* and *W. J. Gardiner,* for Relator;

*Hull, Landis & Whitehair,* for Respondents.

Love, Circuit Judge.—This is an action in the nature of *quo warranto,* of original jurisdiction in this Court, the information being filed by the Attorney General, and brought against A. B. Prevatt, J. G. Dreka, Lillian Francis Nordum, W. E. Swope, and G. A. Tyler, to test the right of the defendants to a body corporate, under the name of Board of Trustees of Volusia County Fair, and as such to exercise the liberties, franchises and privileges claimed under and by virtue of Chapter 15560, Acts of 1931.

The information charges that said defendants claim to be a body corporate under the name of Board of Trustees of Volusia County Fair, assume to be the trustees of such board, and as such perform and exercise the liberties, priviliges and franchises granted by the provisions of .Chapter 15560 of the 1931 Laws of Florida; that said chapter is. unconstitutional and void, and that said defendants, claiming and attempting to exercise such functions, do so without

lawful authority. Further, it is charged in said information that, under the provisions of said Chapter 15560, a tax was assessed and levied upon all taxable property in Volusia County for the year 1931, collected by the County Tax Collector, and paid to said defendants, the sum so collected and paid amounting to $15,248.78, and that by reason of the unconstitutionality of said Act, the sum so collected and delivered to the defendants should be forthwith paid to Volusia County.

The information prays that said defendants be required to answer by what warrant or authority they claim to exercise said offices, franchises, liberties and powers; that they render a due accounting of all moneys in their possession, acquired by virtue of the taxes levied and collected and paid to them as aforesaid, and that said tax moneys be forthwith paid to Volusia County.

To this information the defendants have demurred, and moved to quash the writ issued thereon upon substantially the same grounds, and have also moved to strike that part of the information relating to the assessment, levy and collection of the taxes designated in the information, and therein and thereby sought to be paid to Volusia County, as well, also, that part of the prayer of the information seeking an accounting of the amount of money received by defendants from said taxes, and requiring them to pay the same to Volusia County.

The questions for determination presented by the demurrer and motion to quash, as stated by counsel for defendants, are:

1. Does the information show on its face that defendants act as Trustees of the Volusia Fair under and by authority of an invalid Act of the Legislature?

2. Does the information show on its face that the real

purpose of the proceeding is to compel an accounting, and to obtain a judgment for the payment of money? and,

3. Is it shown by the information that the money alleged therein to be held by the defendants should be paid to Volusia County, and can the question of law as to what disposition should be made of such money be properly litigated in a *quo warranto* action?

One of the grounds upon which the sufficiency of the information is attacked is that the usurpation of the liberties, franchises and privileges claimed is specifically based, in the information, upon the constitutionality of Chapter 15560 of the Laws of Florida, purporting to create the Board of Trustees of Volusia County Fair, and under which, alone, as it is alleged, the respondents claim to derive their authority to exercise such liberties, franchises and privileges. The information, in addition to the general allegations that respondent exercise the stated liberties, franchises and privileges without lawful authority, specifies particularly that they are so exercised under and by virtue of Chapter 15560 of the 1931 Laws of Florida, and that said Chapter is unconstitutional, no grounds of unconstitutionality being alleged, nor is any particular provision of the Constitution designated as being violated.

While it is the general rule, as stated in Neilson v. Moran, 80 Fla. 98, 85 So. 34; that—"Those who assert the unconstitutionality of a statute have the burden of showing that beyond all reasonable doubt the statute inevitably conflicts with some designated provision of the Constitution"—and while it is also true, as stated by the Court in State *ex rel*. Gillespie v. Thursby, 139 So. 372, that "every law found on the statute books is presumably valid"—it is also true that the Constitution and the public statutes of the state are judicially recognized by the courts of the state—A. C. L. R. Co. v. State, 73 Fla. 609, 74 So. 595; and judicial notice

of a statute includes authoritative decisions construing it. 23 C. J., 130.

A prior decision of this Court, settling a question of law involved in the instant case, will be judicially noticed—23 C. J. 114, Par. 1921. State *ex rel.* Landis' v. Duval County, 141 So. 173.

In the case of Thursby v. Stewart, 138 So. 742, this Court had before it for determination the question of the constitutionality of Chapter 15560, Acts of 1931, under which it is alleged in the instant case the defendants claim to exercise the powers of trustees, as set out in the information. In the cited case it was held that "so many of the vital and controlling provisions of the Act are unconstitutional, that by reason thereof the whole Act is unconstitutional, and therefore the Act fails in its entirety." Taking judicial notice of this decision by this Court, we hold in the instant case that the presumption that the Act in question is valid does not obtain, neither is it necessary that the unconstitutionality of the Act be made otherwise to appear.

The information sufficiently charges that the defendants are claiming and exercising liberties, franchises and privileges under an unconstitutional, and therefore invalid Act, which confers no rights, imposes no duties, affords no protection, and creates no office. The demurrer and motion to quash being directed to the information as a whole, are overruled and denied.

The motion to strike that part of the information seeking an accounting from defendants of the money received by them from the taxes assessed and collected under the terms of the said Act, and to require the same to be paid over to Volusia county, presents a more serious question.

The action in the nature of *quo warranto* is a common law remedy, its office and scope depending upon the use and

limitations authorized by the common law and statute laws of England, as they existed as of the date that they were adopted, by the laws of this State, in the absence of statutory modification. The only pertinent statutes, Sections 3581-3584, Revised General Statutes (Sections 5446-5449 Compiled General Laws) do not define the scope of the remedy, except as to the method of testing the right to office, and this Court has frequently said that the use of this remedy as employed in the Constitution and Laws of this State, has reference to its application as a common law remedy. Under the common law the writ of *quo warranto* was directed against one who usurped or obtained any office, franchise or liberty of the crown, and would also lay in cause of non-user, or long neglect of a franchise or mis-user or abuse of it. State v. Fernandez, 143 So. 638.

*Quo warranto* is defined by Blackstone (3 Com. 262) to be "in the nature of a writ of right for the King against one who claims or usurps any office, franchise or liberty, to inquire by what authority he supports his claim, in order to determine the right," and this definition clearly imports the limitations and extent of the remedy.

In the instant case the information was filed against the defendants as individuals, for exercising the office, franchise or privilege of Board of Trustees of Volusia County Fair, and not against the corporation as such. In cases where the action is brought against individuals, usurping or intruding into any office or franchise, or of unlawfully holding the same, a judgment of *ouster* should be rendered; but where the proceeding is against a corporation, and a conviction follows for non-user, mis-user or long neglect of a liberty, franchise or privilege, it appears that a judgment of *ouster* and dissolution should be rendered, which is equivalent to a judgment of seizure at common law. 22 R. C. L. 724. In the King v. City of London, 2 T. R. 522, the rule

is stated to be this: When it clearly appears to a court that a liberty is usurped by wrong and upon no title, judgment of ouster only shall be entered. But when it appears that a liberty has been granted but has been misused, judgment of seizure into the king's hands shall be given. 51 C. J., 361, states the ruel to be —"under its common law powers, the court in granting relief against one exercising an office, will go no further than to oust the wrongful possessor of the office."

Thus it will be seen, in the light of the authorities, that at common law in proceedings in *quo warranto,* the respondent's title to the office was the sole issue to be tried and the disposition of the goods and assets acquired by respondents while exercising the powers of the office as not in issue. The only question to be determined by this action is whether the defendants are usurping a liberty, franchise or privilege, without authority of law. This limitation of the scope and extent of the relief afforded in proceedings in the nature of *quo warranto* was sustained in Albright v. Territory, 13 N. Mex. 64, 79 Pac. 719; and State *ex rel.* Pope v. Mansfield Special Road District, 299 Mo. 663, 253 S. W. 714.

The proceedings in *quo warranto* are not well adapted to enforcing an accounting of the funds derived from taxes imposed by the said Act, which were received by the defendants, and which came into their possession, nor the adjustment of the rights of the county to receive and dispose of the fund in question as against the defendants, the County of Volusia not being a part to this action, even if it be conceded that taxpayers contributing to the fund in question, under an illegal tax levy, cannot recover the amounts so paid by them, upon the principles announced in the case of New Smyrna Inlet District v. Esch, 103 Fla. 24, 137 So. 1, as to which we intimate and express no opinion.

In the case of State *ex rel.* Davis v. Fowler, *et al.,* 94 Fla. 752, cited by relator in support of the contention that, in this proceeding, an accounting may be required of the respondents, and that they may be required to pay over the funds received by them, arising from the illegal tax levy, it appears that no question was raised as to the propriety of thus extending the scope of the remedy of *quo warranto.* The judgment rendered in the case followed the prayer of the information, based upon the allegation that "said State Plumbing Commission, acting under and by said Act, has on hand a vast sum of money which, your petitioners are advised and believe, is approximately $20,000.00, which said sum of money has been collected under color of office, and by the authority of said Act of the Legislature and should be forthwith paid into the State Treasury." The only question presented for determination and decided in that case was the constitutionality of the Act under consideration, under which respondents claimed to hold office, and the subject of *quo warranto* was neither discussed, nor was the propriety of so disposing of the funds in such proceedings raised or submitted for determination. In the instant case the question is definitely and appropriately presented for decision. In view of the authorities above cited, the right claimed by relator for an accounting and disposition of the funds in the possession of the defendants, cannot be sustained, it being beyond the legitimate scope of proceedings in *quo warranto* to afford, and must be sought by other appropriate proceedings.

It is therefore considered that the motion to strike the stated portions of the information be and the same is hereby granted.

DAVIS, C. J., and WHITFIELD, TERRELL, BROWN and BUFORD, J. J., concur.