STATE, *ex rel.* CARY D. LANDIS, as Att'y Gen'l, v. A. B. PREVATT, *et al.*

156 So. 731.
Opinion Filed September 29, 1934.

*Cary D. Landis,* Attorney General, and *W. J. Gardiner,* for Relator;

*Hull, Landis & Whitehair,* for Respondent.

WHITFIELD, J.—The information in the nature of quo warranto filed herein October 5, 1932, by the Attorney General of the State, alleged that named individuals had theretofore "usurped and do usurp to be a body corporate under the name of Board of Trustees of Volusia County Fair." It was also alleged that the respondents claim and asumed to be such trustees "and as such do perform and exercise the liberties, privileges and franchises authorized" under Chapter 15560, Acts of 1931; that said Chapter is unconstitutional and void; that a tax was levied upon all taxable

property in Volusia County under said Chapter; that $15,-248.78 have been collected on such levy and paid to respondents. It was prayed that the respondents by due process be required "to answer the said State by what warrant or authority at law they claim to exercise the said offices, franchises, liberties and powers aforesaid" and that respondents "be required to render a due and proper accounting of all moneys in their possession and acquired by virtue of taxes levied and collected under" said Chapter "and that such tax moneys be forthwith paid and/or delivered to Volusia County." The writ issued on the information required the respondents to show "by what warrant or authority of law they claim to exercise the offices, franchises, and liberties as Board of Trustees of the Volusia County Fair, a pretended corporation, and to answer the information filed herein."

A demurrer to and a motion to quash the information were overruled and a motion to strike portions of the information relating to tax collections and an accounting was granted by a previous opinion herein. State, *ex rel.,* v. Prevatt, 110 Fla. 29, 148 So. 578. Chapter 15560, Acts of 1931, was held to be invalid in Thursby v. Stewart, 103 Fla. 990, 138 So. 742. See also 137 So. 7.

Applications were made for leave to amend the information by making Volusia County a co-relator and by making "The Board of Trustees of Volusia County Fair, a corporation," a party defendant. With such applications to amend relator has filed an amended information containing the following:

"The Attorney General further gives the Court here to understand and to be informed that a tax was levied and assessed upon all taxable property in Volusia County, Florida, for the year 1931 under and by virtue of said Chapter 15560 of the 1931 Laws of the State of Florida, and that the Tax Collector of Volusia County, Florida, has collected

and paid all of said taxes to the said defendants by check or voucher made payable to the Trustees of the Volusia County Fair and obtained his several receipts therefor from the said defendant, J. G. Dreka, as chairman of the said Board of Trustees of Volusia County Fair. That the total sum of such tax money so collected and paid as aforesaid was the sum of $15,529.25. That the said $15,529.25 so collected and paid as aforesaid is now held by the said defendants, and that by reason of the unconstitutionality of the said Chapter 15560 of the 1931 Laws of the State of Florida, the said tax moneys so collected and paid as aforesaid should be by the said defendants forthwith paid to Volusia County, a political subdivision of the State of Florida," with a prayer for an accounting similar to the original prayer.

Leave to make Volusia County a co-relator was granted and a petition for rehearing thereon has been filed and argued.

The main contention is that the accounting as prayed for against the respondents cannot properly or efficaciously be had as an incident to a judgment of ouster in quo warranto.

In State, *ex rel.,* v. Fowler, 94 Fla. 752, 114 So. 435, no objection was made to the allegations and prayer for an accounting and a payment of the amounts alleged to be held by the respondents; and there was nothing in the pleading to show the need of an accounting preliminary to payments as may be commanded as an incident to the judgment of ouster. In this case on motion the allegations and prayer respecting an accounting was stricken and this Court. Upon a judgment of ouster it would be the duty of respondents to pay to the proper county officials money received from tax levies under the invalid statute. Should they fail to do so, appropriate remedies may be invoked in

due course of law. An accounting in quo warranto is not an approved remedy, therefore leave to amend the information and seek an accounting is denied.

Neither the county nor the asserted corporation is a necessary party in the proceeding brought by the Attorney General, though no harm results from making Volusia County a co-relator.

A judgment of ouster will be awarded without prejudice to a suit for accounting if that be necessary.

DAVIS, C. J., and ELLIS, TERRELL,. BROWN and BUFORD, J. J., concur.