**J. OSCAR ROBBINS, R. L. ROBINSON, and I. R. MELOY, as and constituting BARBERS' SANITARY COMMISSION, v. WEBB's CUT RATE DRUG COMPANY, INC., a Florida Corporation, and T. B. SPENSE.**

16 So. (2nd) 121                                          June Term, 1943
December 7, 1943                                              En Banc
Rehearing Denied January 24, 1944

*Ausley, Collins & Ausley* and *D. Niel Ferguson,* for appellants.

*Erle B. Askew* and *Clair A. Davis,* for appellees.

TERRELL, J.:

Chapter 20425, Acts of 1941, authorizes the Barbers' Sanitar Commission to prescribe and enforce rules and regulations fixing minimum prices to be charged for barber services and the hours within which barber shops may be operated. Pursuant to the authority so conferred, the Commission promulgated a schedule of minimum prices to be charged by barbers in Pinellas County. Opening and closing hours were fixed at 8 A. M. and 9 P. M. except on Saturday the closing hour was extended to 10 P. M. .

In January, 1943, appellees as complainants filed their bill of complaint in the Circuit Court seeking to restrain the enforcement of the orders as promulgated by the Commission. A motion to dismiss the bill was overruled and defendants declining to plead further a final decree was entered as prayed for. This appeal is from the final decree.

It is first contended that Chapter 20425, Acts of 1941, violates the due process clause of the State and Federal Constitution in that it fails to require the Barbers' Sanitary

Commission to give notice to the public of hearings which it is authorized to hold with the view of fixing minimum prices for barber services and the time for opening and closing barber shops.

The Act in general terms authorizes the Commission when petitioned by the barbers of the county to hold an investigation to ascertain the reasons therefor and fix reasonable charges for barber services. It also authorizes the Commission to give notice to all persons "affected by the orders" of the Commission as to time and place of the investigation. The only persons named in the Act affected by the orders of the Commission are barbers and operators of barber shops.

This Court and the Supreme Court of the United States have repeatedly held that the public is vitally interested in all regulations of administrative boards fixing prices for services or commodities and that such notice and hearing must be given the public in strict compliance with the law. The law must require notice and give opportunity to be heard; it is not enough that the public get it by chance. Otherwise the requirements of due process fail. Miami Laundry Co. v. Florida Dry Cleaning and Laundry Board, 134 Fla. 1, 183 So. 759.

It is next contended that Chapter 20425, Acts of 1941, unlawfully delegate legislative power to the Barbers' Sanitary Commission in that it prescribes no rule or guide to define what constitutes "unfair or unreasonable economic practices among barbers or barber shops" or "what tends to make insecure the economic status of the barbers therein."

In State v. Fowler, 94 Fla. 752, 114 So. 435, this Court defined the rule to guide the legislature in the promulgation of statutes vesting the rule making power in administrative boards, as follows:

"The Legislature may not delegate the power to enact a law, or to declare what the law shall be, or to exercise an unrestrained discretion in applying the law; but it may enact a law complete in itself designed to accomplish a general public purpose, and may expressly authorize designated officials within definite valid limitations to provide rules and

regulations for the complete operation and enforcement of the law within its expressed general purpose."

The Act under review leaves to the unrestrained discretion of the Barbers' Sanitary Commission the power to define "unfair or unreasonable economic practices" and what tends to make insecure the economic status of the barbers therein." These terms or phrases have no set meaning in law or in common usage. To vest in a Commission the unbridled discretion to define such terms without any rule or standard whatever to guide them is a clear delegation to enact the law or define what it shall be; in other words, a delegation of straight legislative power which will not be permitted. The Legislature cannot abdicate that which the Constitution vests in it exclusively. State, ex rel Hollywood Jockey Club, Inc., v. Stein, et al., 133 Fla. 530, 182 So. 863; Schechter Poultry Corp. v. United States, 295 U. S. 495, 55 Sup. Ct. 651, 79 L. Ed. 1570.

It is last contended that the provisions of Chapter 20425, Acts of 1941, authorizing the Barbers' Sanitary Commission to regulate the opening and closing hours of barber shops is violative of the due process clause of the State and Federal Constitution because no reasonable relation is shown between the hours when a barber shop may open and close for adequate and timely inspection and the health, safety and efficiency of the barbers or the patrons.

Section 3 of the Act among other things provides that if it appears from the petition filed with the Commission that the hours of operation are unreasonably long or tend to make timely sanitary inspection difficult or tend to impair the health of barbers or endanger the safety of their patrons, the Commission may then proceed to regulate opening and and closing hours.

We do not find reason to hold the Act bad on this ground but we do find that the Commission failed completely to make out a case as contemplated by the statute to support its ruling. It is incumbent on those relying on an Act for protection to bring themselves within the specifications laid down and this appellants have failed to do. Regulatory

826

Acts like that under review are made for the protection of the public as well as the business regulated. If it becomes necessary for the protection of the health or safety of the barbers or the public, closing hours or any other reasonable regulation may be imposed but no such reasons are revealed here.

The barbers' occupation is now regarded as one of the most respectable businesses in the country. Certainly its relation to the public is such that it may be regulated but public interest as well as the interest of those engaged in the business must direct the regulation. If the regulation trenches on this principle, it amounts to the unlawful invasion of one's right to pursue a lawful business. Regulations that rest on nothing more than caprice of an administrative board cannot be enforced. The chancellor gave full and very cogent reasons for his holding on this and other points and we find no reason to reverse his finding.

Affirmed.

BUFORD, C. J., BROWN, CHAPMAN, THOMAS, ADAMS and SEBRING, JJ., concur.

BROWN, J., concurring:

I fully concur in the foregoing opinion, not only for the reasons so well expressed by Mr. Justice TERRELL, but also for the additional reasons stated in the chancellor's able and thoughtful opinion; also for the reasons stated in my dissenting opinion in Miami Laundry Co. v. Fla. Dry Cleaning & Laundry Board, 134 Fla. 1, 183 So. 759, and my partially dissenting opinion in McRae v. Robbins, 151 Fla. 109, 9 So. (2nd) 284.