54 So.2d 235 (1951)
SEAGRAM-DISTILLERS CORP.
v.
BEN GREENE, Inc.
CALVERT DISTILLERS CORP. et al.
v.
BEN GREENE, Inc.
FRANKFORT DISTILLERS CORP. et al.
v.
BEN GREENE, Inc.
Supreme Court of Florida, en Banc.
September 14, 1951.
Rehearing Denied October 15, 1951.
Harris, Barrett, McGlothlin & Dew, John D. Harris and H.L. McGlothlin, all of St. Petersburg, for appellants.
Robert W. Fisher, St. Petersburg, for appellee.
S. Henry Harris and Wm. C. Harris, St. Petersburg, for West's Drug Stores, Inc., and Royal Palm Pharmacy of Fort Myers, Inc., Intervenors.
John T. Wigginton and Caldwell, Parker, Foster & Wigginton, all of Tallahassee, as amicus curiae.
Sam Bucklew, Tampa, amicus curiae, for International Silver Co.
HOBSON, Justice.
In each of these cases, which have been consolidated, the questions presented for our determination are identical. Indeed, with one exception, every question posed by appellants was determined by this Court adversely to appellants' position in and by our decision in the case of Liquor Store, Inc., v. Continental Distilling Corporation, Fla., 40 So.2d 371.
The question which was not, and which could not have been, presented in the above mentioned case is the one which deals with the findings or recitations of fact and declaration of necessity as to the State's economic policy made by the legislature and incorporated in Chapter 25204, Laws of Florida 1949, F.S.A. § 541.001 et seq., which Act is now before us for consideration.
Section 1 of Chapter 25204, supra, is entitled "Findings of fact". Epitomized, *236 the legislature's declarations were that the enactment of Chapter 25204, supra, will serve the public interest and general welfare of the State of Florida, will prevent the creation and perpetuation of monopoly and that the Act constitutes a lawful exercise of the police power. The general rule is that findings of fact made by the legislature are presumptively correct. However, it is well recognized that the findings of fact made by the legislature must actually be findings of fact. They are not entitled to the presumption of correctness if they are nothing more than recitations amounting only to conclusions and they are always subject to judicial inquiry. Moreover, findings of fact made by the legislature do not carry with them a presumption of correctness if they are obviously contrary to proven and firmly established truths of which courts may take judicial notice. If the subject upon which the legislature makes findings of fact is one which is fairly debatable, the presumption of correctness attaches and remains extant until and unless such findings are challenged and disproved in an appropriate proceeding.
The cases now under consideration were brought in the Circuit Court of Pinellas County by the appellants Seagram-Distillers Corporation, Calvert Distillers Corporation and Frankfort Distillers Corporation, against the appellee Ben Greene, Inc. The relief sought in each of these suits was an injunction against Ben Greene, Inc., restraining and enjoining Ben Greene, Inc., a corporation, its agents, servants and employees from selling, offering for sale, or advertising for sale any of the beverage products described in the several bills of complaint at prices less than the prices established by appellants in and by their fair trade agreements with various liquor dealers in the City of St. Petersburg and elsewhere in the State of Florida [Ben Greene, Inc., appellee, although requested or invited to do so, did not execute an agreement with any of the appellants] and from offering or making any concessions whatsoever, whether by the giving of coupons or otherwise, in connection with any such sale, and from offering or giving any article of value in connection with the sale of any such products, and from the sale, or offering for sale, of any such commodity or product in combination with any other commodity. Appellants' suits were founded upon the provisions of Chapter 25204, supra.
The appellee, Ben Greene, Inc., filed a motion to dismiss the bill of complaint in each of the several suits. The Chancellor granted the motions to dismiss and appellants filed notices of appeal.
The Chancellor in dismissing the bills of complaint held Chapter 25204, supra, to be unconstitutional and invalid. Obviously he was guided by our opinion in the case of Liquor Store, Inc., v. Continental Distilling Corporation, supra, but the Act which we declared unconstitutional did not contain legislative findings of fact. Consequently, if it were not for the fact that the bills of complaint filed by appellants show affirmatively that Ben Greene, Inc., was a "non-signer" and except for the recent opinion of the United States Supreme Court in the cases of Schwegmann Brothers v. Calvert Distillers Corporation, (Schwegmann Brothers v. Seagram-Distillers Corporation), 341 U.S. 384, 71 S.Ct. 745, 95 L.Ed. 1035, 19 A.L.R. 2d 1119, we probably would be faced with the query as to whether the Chancellor erred in dismissing the bills of complaint in the absence of any pleading directly challenging and proof refuting the legislature's findings of fact.
The learned Chancellor was eminently correct in dismissing the several bills of complaint since it is clear that Ben Greene, Inc., did not sign any contracts or agreements with any of the appellants. It is, therefore, unnecessary for us to discuss further or to decide the question of the effect which this Court should give to the legislature's findings of fact, or to determine whether the recitations contained in Section 1 of Chapter 25204, supra, are actually findings of fact as distinguished from mere conclusions. Except for such so-called findings of fact contained *237 in Chapter 25204, supra, there is no material difference between said Act and Chapter 19201, Laws of Florida 1939.
The final decrees entered by the Chancellor below dismissing the several bills of complaint are affirmed upon authority of Schwegmann Brothers v. Calvert Distillers Corp. (Schwegmann Brothers v. Seagram Distillers Corp.) supra, and Liquor Store, Inc., v. Continental Distilling Corporation, supra.
Affirmed.
SEBRING, C.J., and TERRELL, CHAPMAN, THOMAS, ADAMS, JJ., and LEWIS, Associate Justice, concur.