### SHOBE v. FLORIDA REAL ESTATE COMMISSION.

Circuit Court, Orange County.

March 3, 1953.

Woolfolk & Myers, Lake Wales, for plaintiff.

W. H. Poe and George B. Carter, both of Orlando, for the Commission.

TERRY B. PATTERSON, Circuit Judge.

This cause came on for final hearing on plaintiff's motion for a summary final decree on the pleadings and was argued by counsel for the respective parties.

66

This case presents for consideration the validity of a resolution[1] adopted by the Florida Real Estate Commission purportedly acting under the administrative authority conferred upon it by chapter 475, Florida Statutes 1951, known as the Real Estate License Law. The resolution, being promulgated and applied as a rule and regulation of the commission, is assigned as the sole basis for its refusal to issue to the plaintiff a registration certificate as a real estate

[1] BE IT RESOLVED that the following Rules and Regulations relating to part time salesmen are hereby adopted.

Section 1. **Finding of Fact.**—After long and thorough investigation Florida Real Estate Commission finds that there are numerous persons registered as real estate salesmen and purport to be employed as such by brokers, but who are principally or largely employed in other businesses, professions or vocations, or who are otherwise retired, and use their certificates as protection in collecting commissions for referring prospective buyers, sellers, lessors and lessees to the so-called employers, which prospects are contacted in their other or primary employment, or spare time. Usually such part time salesmen rarely contact the employer except to register prospects and collect commissions, and are rarely in the offices of their broker, and thus are not supervised by a broker, and have little opportunity to become familiar with the real property of the area or the proper practices that should be observed by salesmen. The commission finds that such practices are not in the public interest, that they constitute unfair competition with other brokers and salesmen who do not indulge in such practices, and that the foregoing method of conducting the business of brokers and salesmen promotes incompetence, carelessness and uncontrolled false representations and breaches of fiduciary relations by such salesmen, all of which are calculated to result in losses and damages to investors and others dealing with or through such salesmen, and the public interest is thereby endangered. It is found that the aforesaid dangers are small in the counties having small populations, and in said counties frequently the employment of part time salesmen is proper and necessary to the making of a living by those engaged in the real estate business, and it now appears to the commission that such dangers in counties of less than 70,000 are not presently great enough to warrant prohibition or regulation of such practices.

Section 2. **Definition.**—For the purposes of these rules and regulations, a part time salesman is one who engages in some other occupation, business, employment or vocation than that of a real estate salesman, or one not engaged in any other occupation, business, employment or vocation, but who is usually found at his home, or in places other than the office of his broker, when not engaged in carrying out the business of said office. Except, however, the definition shall not apply to any registered salesman who has surrendered his certificate but has not, at the time, procured its reissuance to another employer, or who is presently ill or unable to work, or on a regular vacation.

Section 3. **Violation by Broker.**—It shall be deemed a violation of these rules and regulations for any registered real estate broker to employ, or retain in employment, any part time salesmen, as herein defined.

Section 4. **Violation by Salesman.**—It shall be deemed a violation of these rules and regulations for any registered real estate salesman to operate as a part time salesman, as herein defined.

Section 5. **Other Violations.**—Any registered broker or salesman who fails or refuses to truthfully answer any question or inquiry propounded to him by the Florida Real Estate Commission, its secretary, attorneys or authorized representatives concerning any fact material or relevant to the nature of his employment or the employment of another by him shall be deemed to have violated these rules and regulations.

Section 6. **Proceedings to Enforce These Rules and Regulations.**—Whenever it shall appear to the commission or any of its authorized representatives that any registered broker or salesman has violated or is violating any of the provisions of these rules and regulations, a notice thereof shall be issued by the chairman ordering such broker or salesman to cease and desist from such violation, and the proper authorized representatives shall be ordered to ascertain whether such violations are, within a reasonable time, remedied. If the party to whom the notice has been given fails within 20 days to cease and desist from the practices that violate these rules and regulations, an information shall be ordered to be filed and prosecuted as required by law.

Section 7. **Where Applicable.**—These rules and regulations shall be applicable only to counties having a population of 70,000 or more, according to the latest federal census. The said limitation of population may, from time to time, be lowered or raised as the commission shall find to be warranted by the facts and necessities.

Section 8. **When Effective.**—These rules and regulations shall be effective at the time the minutes containing them shall be approved, except that no information shall be filed based upon violations occurring prior to October 1, 1952.

The above Resolution effective as of April 14, 1952.

salesman under the provisions of the Act cited. It is admitted by counsel and by the pleadings that if the resolution is invalid, plaintiff is entitled to be issued such certificate, but if the resolution is a valid exercise of the commission's authority, plaintiff is in violation of it and therefore not entitled to such certificate. The validity of the resolution is thus the sole question to be decided.

The resolution in question, after setting forth the grounds upon which the commission deems the resolution advisable, proceeds to create, by definition, a sub-classification of real estate salesmen which it denominates "part-time salesmen," being, as the term implies, generally those salesmen who engage in the vocation of real estate salesmen only on a part-time basis. The resolution further makes it a violation of the commission's rules and regulations for a broker to hire or continue in employment a part-time salesman or for a registered salesman to engage in the vocation on a part-time basis.

The validity of the resolution in question can be determined by the application of familiar rules of law with regard to the scope of authority of administrative boards such as the commission to promulgate rules and regulations. Administrative boards or agencies, when empowered to do so, may make and enforce regulations to carry out powers definitely conferred on them, but they are not permitted to do more. The legislature cannot clothe them with more, nor may they assume to do more. The rule-making power of such a board or agency is limited to the making of rules and regulations necessary for the enforcement of the Act being administered. The test of the validity of a rule or regulation is whether or not the Act defines a pattern to which the rule or regulation must be made to conform. See 11 Am. Jur. 956, State ex rel Hathaway v. Smith (Fla.), 35 So. 2d 650, Robbins v. Webb's Drug Co. (Fla.), 16 So. 2d 121, and Richardson v. Baldwin (Fla.), 168 So. 255.

In this case the commission points to sections 475.05, 475.04 and 475.01 (3) as sufficient authority for the resolution, calling to its aid also its findings in the first section thereof.

It is not necessary to a decision in this case to controvert the wisdom of prohibiting the practices mentioned in the resolution. It is sufficient to say that the Act in question is a complete legislative expression on the subject, sets out the qualifications of real estate salesmen and provides for their registration, the grounds for revocation and suspension, prohibits enumerated practices and provides penalties. Nowhere in the Act is it expressly provided or inferred that engaging in the vocation of a real estate salesman shall be limited to those applying to it their full time. If it was the legislature's intent that part-time salesmen are harmful to the

public interest, they must have said as much, and we must infer that they would have done so. The rule-making authority contained in section 475.05 must be read together with the other provisions of the Act and must be exercised within the limitations of the rules of law mentioned above.

It therefore follows that the regulation in question, having the effect of prohibiting the practice of part-time real estate salesmen, attempts a basic change in the Act itself, is legislative rather than administrative, and therefore falls beyond the proper authority of the commission and is invalid. The Act does not attempt an unlawful delegation of administrative power. Rather, that which has been properly delegated has been unlawfully exceeded.

This being so, it is unnecessary to consider other objections to the resolution.

It is therefore determined and declared that the above-described resolution of the Florida Real Estate Commission is void and unenforceable and the plaintiff is entitled to have his application for renewal of his registration certificate as a real estate salesman considered and acted upon by said commission without regard to the said resolution. Costs to plaintiff.