73 So.2d 680 (1954)
MILES LABORATORIES, Inc.
v.
ECKERD et al.
Supreme Court of Florida. En Banc.
March 16, 1954.
Rehearing Denied April 26, 1954.
Hervey Yancey, Miami, Fowler, White, Gillen, Yancey & Humkey, Tampa, Verne G. Cawley, Philip E. Byron, Jr. (of Cawley, Harper, Slabaugh & Byron), Elkhart, Ind., for appellant.
Shackleford, Farrior, Shannon & Stallings, Tampa, for appellees.
John D. Harris of Harris, Barrett, McGlothlin & Dew, William S. Fielding, of Grazier, Fielding, Greene & Coit, St. Petersburg, amicus curiae.
TERRELL, Acting Chief Justice.
Appellant, a manufacturer of Alka Seltzer, filed an amended bill of complaint, praying that Chapter 25204, Acts of 1949, Chapter 541, Florida Statutes 1951, F.S.A. § 541.001 et seq., better known as Florida Fair Trade Act, be enforced against appellees. Defendant moved to dismiss on a multitude of grounds among which were, that the Fair Trade Act is unconstitutional and void, in that it violates (1) public policy, (2) it bears no relation to the public health, morals, peace, safety or general welfare, and being so, it is an abuse of the police power. (3) It attempts to delegate the sovereign power of the State for private purposes. (4) It is contrary to decisions *681 of the Supreme Court of Florida wherein it took judicial cognizance of matters of common knowledge, declaring said act violative of the constitution, "the findings of fact" in said act being mere conclusions and an effort to amend the constitution of Florida by legislative fiat. (5) It is violative of due process and equal protection as guaranteed by the 14th amendment to the Federal Constitution and the Declaration of Rights, Constitution of Florida, F.S.A. Pursuant to lengthy arguments, the chancellor dismissed the amended complaint "with prejudice" on authority of Seagram-Distillers Corp. v. Ben Greene, Inc., Fla., 54 So.2d 235 and Liquor Store, Inc., v. Continental Distilling Corp., Fla., 40 So.2d 371. The plaintiff has appealed.
We think that the case involves three questions for consideration. (1) Has the non-signer clause of the Florida Fair Trade Act been declared unconstitutional by this Court? (2) Has the principle enunciated in Seagram-Distillers Corp. v. Ben Greene, Inc., and Liquor Stores, Inc. v. Continental Distilling Corp. been superceded by the McGuire Act, 15 U.S.C.A. § 45 and note? (3) Is the non-signer clause of the Florida Fair Trade Act constitutional as to a non-signer?
In answer to the second question it is sufficient to say that the McGuire Act was passed by Congress July 14, 1952 following the decision of the Supreme Court of the United States in Schwegmann Bros. v. Calvert Distillers Corp., 341 U.S. 384, 71 S.Ct. 745, 95 L.Ed. 1035. That case held inter alia that the Miller-Tydings Act did not prevent enforcement of the Sherman Anti-Trust Act, 15 U.S.C.A. §§ 1-7, 15 note, against horizontal price fixing and non-signers under state fair trade acts. The purpose of the McGuire Act was to supply the non-signer defect and left the way open for states to permit or refuse price fixing statutes to affect non-signers of fair trade agreements. It is hardly necessary to point out that the decisions of this Court interpreting the Constitution of Florida are supreme and will not be overthrown by act of Congress or the Federal Courts unless some Federal constitutional question is involved. Hunter v. City of Pittsburg, 207 U.S. 161, 28 S.Ct. 40, 52 L.Ed. 151; accord: Erie R. Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188.
With the effect of the McGuire Act disposed of the only question left goes to the constitutional validity of the non-signer clause of the Florida Fair Trade Act.
We are conscious of the fact that fair trade laws have been passed in all the states except Texas, Vermont, Missouri and the District of Columbia and that the acts have repeatedly been held constitutional by various state courts. See Schwegmann Bros. v. Calvert Distillers Corp., supra. For a collection of cases see 19 A.L.R.2d 1139. Other courts have repeatedly bolstered the price fixing acts by relying on the protection of trade marks and good will theory, although the more direct object originally was to protect independent retailers from being undersold by large chain stores. Other courts recently, and this court repeatedly, have adopted a more critical attitude toward the fair trade acts. Shakespeare Co. v. Lippman's Tool Shop Sporting Goods Co., 334 Mich. 109, 54 N.W.2d 268; Grayson-Robinson Stores, Inc. v. Oneida, Ltd., 209 Ga. 613, 75 S.E.2d 161. This Court has expressed its views on fair trade and similar acts and has consistently and unequivocally rejected, on constitutional grounds, both the underlying theory and the economic facts on which they are sought to be predicated. State ex rel. Fulton v. Ives, 123 Fla. 401, 167 So. 394; Miami Laundry Co. v. Florida Dry Cleaning and Laundry Board, 134 Fla. 1, 183 So. 759, 119 A.L.R. 956; Bristol-Myers Co. v. Webb's Cut Rate Drug Co., 137 Fla. 508, 509, 188 So. 91; Scarborough v. Webb's Cut Rate Drug Co., Inc., 150 Fla. 754, 8 So.2d 913; Robbins v. Webb's Cut Rate Drug Co., 153 Fla. 822, 16 So.2d 121; Liquor Store, Inc. v. Continental Distilling Corp., Fla., 40 So.2d 371; City of Miami v. Shell's Super Store Inc., Fla., 50 So.2d 883; Seagram-Distillers Corp. v. Ben Greene, Inc., Fla., 54 So.2d 235.
*682 The cases cited herein, particularly those relied on by the chancellor to dismiss the bill of complaint, show conclusively that this Court has not changed its thinking as to the so-called non-signer clause of the Fair Trade Laws. Neither Chapter 541, Florida Statutes 1951, F.S.A., nor the McGuire Act of Congress, changes the picture. After all is said, this case is little more than a rehearing on the cases relied on by the chancellor to dismiss the amended bill of complaint.
The act involved here, Chapter 25204, Acts of 1949, now appearing as Chapter 541, Florida Statutes of 1951, F.S.A., is substantially identical with the former act, Chapter 19201, Acts of 1939, and added nothing material except the legislative "findings of fact" ascertaining the public policy behind the law and Section 10, authorizing the Attorney General to "bring an action * * * to restrain the performance or enforcement" of any resale price maintenance contract if he deems that the contract "prevents competition" among commodities of the same general class, etc.
As we have stated before, the real effect of the non-signer clause is anti-competitive price fixing; not the protecting of the good will of trade marked products as other courts have held. Good will, it has been said, should be determined by the price which the goods can command in a competitive market, and not by the ability of the manufacturer to sell at a pegged retail price which he himself selects. Corey, Fair Trade Pricing: A Reappraisal, 30 Harv.Bus.Rev. 47, 60. Except in times of economic emergency such inflexible price arrangements which the act sanctions are not in line with our traditional concepts of free competition, which have traditionally been the "yard stick" for protection of the consuming public. The real vice of the non-signer clause is the absence of that standard, and the decisions of this Court cited herein so hold. In removing the said standard the non-signer clause must fall as an invalid use of the police power for a private, not a public purpose. Liquor Store, Inc. v. Continental Distilling Corp., supra.
Legislative "findings of fact" as to the policy behind the law, does not remove the lack of the "yard stick" standard, neither does the delegation of the power to the attorney general provide such administrative supervision in the public interest as will overcome the innate vice in the act.
We are not unmindful of the fact that other courts have noted our decision in Liquor Store, Inc. v. Continental Distilling Corp., supra, and as is their prerogative, have seen fit to uphold, under their laws, the constitutionality of their price maintenance acts. W.A. Sheaffer Pen Co. v. Barrett, 209 Miss. 1, 45 So.2d 838; Frankfort Distillers Corp. v. Liberto, 190 Tenn. 478, 230 S.W.2d 971.
The legal and economic problems presented by the price fixing acts have recently been very scholarly treated in the various law journals. See 2 U. of Fla.L.Rev. 408; 5 Miami L.Q. 553; 61 Yale L.J. 381; 9 Wash. & Lee L.Rev. 39; 63 Harv.L.Rev. 546; 37 Va.L.Rev. 882; 36 Corn.L.Q. 781; 7 Wash. & Lee L.Rev. 28; 27 St. John's L.Rev. 379; 51 Mich.L.Rev. 452; 47 Mich. L.Rev. 821; 14 Ohio St.L.J. 234; 2 J. Public Law 226; 18 Geo. Wash.L.Rev. 280; and many others.
To add anything further would be a repetition of what we have previously said in the cited cases and would serve no useful purpose.
The judgment appealed from is affirmed on the authority of the cases cited herein.
Affirmed.
THOMAS, SEBRING and MATHEWS, JJ., concur.
HOBSON and DREW, JJ., concur specially.
PATTERSON, Associate Justice, dissents.
HOBSON, Justice (concurring specially).
*683 I concur in the opinion prepared by Mr. Justice Terrell. However, I am persuaded that we should expressly recognize and dispose of the contention made by counsel for appellant that it is clear that the chancellor erred in granting appellees' motion to dismiss because the McGuire Act, 15 U.S.C.A. § 45, which removed the Sherman Anti-Trust bar from the operation of the state fair trade laws was passed after our opinion in the case of Seagram-Distillers Corp. v. Ben Greene, Inc., 54 So.2d 235, as well as subsequent to the decision in Schwegmann Brothers v. Calvert Distillers Corp., 341 U.S. 384, 71 S.Ct. 745, 95 L.Ed. 1035, and that the Florida Fair Trade Law was re-enacted by the legislature in 1953. They say appellees did not directly challenge or refute by proof the findings of fact made by the legislature in Chapter 25204, Laws of Florida, 1949, which law was re-enacted at the 1953 session of the Florida Legislature, Chapter 541, Florida Statutes, 1953, F.S.A., and the chancellor committed error in holding that they did not have to do so because this court in Liquor Store, Inc., v. Continental Distilling Corp., infra, declared Chapter 25204, supra, unconstitutional as applied to a "non-signer".
This position can be maintained only upon the theory that the findings made by the legislature are actually findings of facts, are fairly debatable and are not "obviously contrary to proven and firmly established truths of which courts may take judicial notice".
In the case of Liquor Store, Inc., v. Continental Distilling Corp., Fla., 40 So.2d 371, 388, we repudiated the economic philosophy upon which the validity of the price fixing feature of the Florida Fair Trade Law as it is applied to non-signers is said to rest. In that same case we expressly held that legislation of the type under consideration herein "is constitutional and can be constitutional only in extreme situations wherein our economic structure is seriously endangered." Since we rejected the underlying theory or philosophy of the Fair Trade Law, absent economic exigencies requiring such drastic legislation, the only finding of fact which could have been, but was not, made by the legislature which could ever be said to sustain the validity of the 1949 Act or more specifically the re-enactment thereof in 1953 as either might be applied to non-signers such as appellees would have been a finding[1] that at the time of the passage of each of these acts the economic structure of this state was seriously endangered and that "extremities requiring it [the Fair Trade Law] exist[ed] as a matter of fact". Such a finding, had it been made by our legislature in 1949 or in 1953, would obviously have been contrary to the self evident fact that this state and its people were enjoying unprecedented prosperity and the economic structure of this sovereign state was as sound as it has ever been at any stage of its history. A finding of fact to the contrary had it been made could not be said to be fairly debatable for our courts may and should take judicial notice of a matter of common knowledge, to-wit: that exigencies which might require such legislation in the interest of the summum bonum  the greatest good for the greatest number  did not exist either in 1949 or 1953.
DREW, Justice (concurring specially).
Since the Legislature made its findings in 1949 in Chapter 25204, Florida in general and its merchants in particular have enjoyed economic success to a degree without parallel in its history. This is monumental evidence sustaining the conclusions of this Court that the emergencies alluded to there were not real but fanciful and that, in the guise of public necessity the police power of this sovereign State had been invoked for purely private purposes. Time has placed its stamp of approval on the *684 views expressed in Seagram-Distillers Corp. v. Ben Greene, Inc., Fla., 54 So.2d 235; Liquor Store, Inc. v. Continental Distilling Corp., Fla., 40 So.2d 371.
TERRELL, J., concurs.
NOTES
[1] Such finding assuredly was not expressly made and cannot be said to have been impliedly made even by the wildest stretch of the imagination because the legislature attempted to declare the Fair Trade Act to be in the best interest of the general welfare "at all times, including periods of deflation or inflation".