HOBSON, Justice.
Plaintiff here appeals from a final decree dismissing its complaint, with prejudice, for failure to state a claim upon which relief could be granted.
The material facts alleged in the complaint are substantially as follows: Plaintiff manufactures electrical appliances. In all states having contract fair trade laws, including Florida, plaintiff has adopted a uniform fair trade contract system whereby all items manufactured by plaintiff are sold through distributors who enter contracts with plaintiff and agree to maintain wholesale prices fixed by plaintiff. These distributors also agree to sell only to retailers who contract with plaintiff to maintain retail prices. Defendant, notwithstanding notice of plaintiff’s contract distribution system, has refused to execute a contract but has succeeded in interfering with plaintiff’s contracts and has induced distributors or retailers to sell plaintiff’s products to defendant in violation of plaintiff’s contracts with such distributors or retailers. Plaintiff’s products acquired by defendant have been resold by defendant at prices less than those fixed by plaintiff’s contracts for resale. The complaint prayed for injunctive relief, an accounting, and damages, including punitive damages.
The chancellor granted defendant’s motion to dismiss the complaint and entered a final decree in which he reviewed our decisions in Miles Laboratories, Inc., v. Eckerd, Fla., 73 So.2d 680; Liquor Stores v. Continental Distilling Corp., Fla., 40 So.2d 371; and Seagram-Distillers Corp. v. Ben Greene, Inc., Fla., 54 So.2d 235, as well as the decision of the United States Court of Appeals for the Fifth Circuit in Sunbeam Corp. v. Masters of Miami, Inc., 225 F.2d 191, (wherein a factual situation identical with this was under consideration) and concluded that “preventing non-signers from buying goods diminishes the scope of competition just as surely as preventing them from selling below the fair trade price, though it is true that it is a more indirect means of accomplishing the same objective.” The chancellor observed that the same conclusion had been reached by the Supreme Court of Michigan in Argus Cameras v Hall of Distributors, Inc., 343 Mich. 54, 72 N.W.2d 152, and by the United States Court of Appeals of the Fifth Circuit in Sunbeam Corp. v. Masters of Miami, Inc., supra.
We agree, and we find no error in the chancellor’s disposition of this case. Our pronouncements regarding the public policy of Florida will be found in the cases decided by this court which are cited above, and there is no present need for a restatement of these now-familiar principles. The pattern of operation disclosed by the allegations of the complaint before us represents a slightly different approach, on the part of the manufacturer, from those which we have previously considered, but the end result is the same as that which we have repeatedly condemned as violative of the public policy of Florida.
In reaching his conclusion, which we approve, the chancellor did not find it nec *337 essary to pass upon the constitutionality of Chapter 541, Florida Statutes, F.S.A., nor do we. We hold only that for the foregoing reasons no error has been shown, and the final decree appealed from must be, and it is hereby,
Affirmed.
DREW, C. J., THOMAS, THORNAL and O’CONNELL, JJ„ and GILLIS, Associate Justice, concur.
ROBERTS, J., dissents.