241 So.2d 874 (1970)
Albert E. SMITH, As Administrator of the Estate of Albert E. Smith, III, and Albert E. Smith, Individually, Appellant,
v.
Kenneth H. JUNG, Appellee.
No. 69-860.
District Court of Appeal of Florida, Third District.
November 24, 1970.
Rehearing Denied December 18, 1970.
*875 Horton & Schwartz, and Green & Hastings, Miami, for appellant.
Welsh & Carroll, Sam Daniels, Miami, for appellee.
Before CHARLES CARROLL, BARKDULL, and SWANN, JJ.
PER CURIAM.
This is a wrongful death action following the death of the plaintiff's minor son, by drowning, alleged to have resulted from negligence of the defendant. On motion of the defendant, the second amended complaint was dismissed for failure to state a cause of action, and the plaintiff appealed. We hold the trial court was in error in so ruling.
It was alleged that the plaintiff and his family, including his 17 year old son who was the victim of drowning, were lessee occupants of an apartment in an apartment house owned and operated by the defendant; that the defendant had provided a swimming pool for use of the tenants of the apartment building; that on a certain day, at a time when the pool was thus open for use, plaintiff's said son, while using the pool, drowned therein; that his drowning was the proximate result of failure of the defendant to have on hand rescue equipment and to have "a person qualified in lifesaving to be then and there present for the purpose of rescuing the deceased, or anyone else, who was liable then and there to experience difficulties while swimming in order thereby to prevent death by drowning;" that by reason thereof the drowning boy was caused to remain under water a protracted length of time, until discovered there by another tenant, and thereafter until such tenant could secure help to remove him from the pool, his death occurring two days later allegedly from his prolonged submersion in the pool.
In addition to thus claiming there was a breach of a common law duty of the owner-operator to such invitee, as aforesaid, the plaintiff alleged, as evidencing negligence, a regulation of the State Board of Health requiring such. In the defendant's motion to dismiss, and here, it was contended that the regulation relied upon by plaintiff was not authorized by law to be made. The plaintiff contended the contrary. We need not choose between the arguments of counsel on that point, because the provisions in question were not in the form of regulations or mandatory requirements, but were in the form of suggestions or statements of policy to the effect that there "should be" such rescue equipment *876 and personnel, for pool safety. Assuming those provisions of the Board of Health were not legally binding upon the defendant, still they serve as expressions of policy by an administrative body, entitled to have influence upon the question of whether an owner-operator of an apartment house, who provides a swimming pool for use of the lessees of apartments, is under a duty (in order to make the facility reasonably safe for their use) to make provision, by rescue equipment and some pool supervision, for rescue and resuscitation of a qualified user of the pool who may encounter difficulty and be drowning therein.
Aside from the effect or weight to be given to the Board of Health regulation or suggestion, we hold the allegations of breach of common law duty were sufficient to state a cause of action. Whether the precautionary measures here alleged to have been lacking were necessary or expedient for the safety of those invited to use the business-operated swimming pool should be determined from all the relevant circumstances as they may appear in evidence. In so holding we are influenced by the case of McKinney v. Adams, 68 Fla. 208, 66 So. 988. The distinction that the McKinney case involved a swimming facility furnished to business invitees on a fee basis, does not appear material.[1] The pool facility in this instance, supplied by the apartment operator for use of his paying tenants, likewise was a business operation, being furnished to the tenants as part consideration for their payment of rent, like other facilities such as common rooms, stairways, walks, etc. The difference, in the case of a swimming pool, is that as a common area or facility supplied for use of the tenants it involves elements of danger inherent in its nature not unlikely to be encountered by those invited to use it.
The McKinney case also was a wrongful death action, following a drowning in a public swimming facility operated by the defendant. There, as here, the plaintiff alleged the drowning was the proximate result of failure of the defendant to provide safety equipment and supervisory personnel. There was in existence a penal statute requiring certain safety equipment, but the statute did not include a requirement for lifeguard or supervisory personnel. The court there held that the statute, being penal in nature, was not applicable as a statutory regulation, but that the policy it announced was entitled to be considered to the extent of its influence upon the general principles of law applicable to the duties and correlative liabilities of the defendant in the case presented. It is significant that in the McKinney case the Supreme Court upheld the complaint, which (as to breach of duty) alleged without elaboration that the drowning was proximately caused by failure of the defendant to provide such safety equipment and personnel for rescue of his invitees. With reference to the allegations in the McKinney case of failure to supply certain items of safety equipment and such supervisory personnel, the Supreme Court said: "All of these precautions may be duties of the operator of the place who offers its use to the public if the circumstances make such precautions reasonably necessary or expedient for the safety to those who use the waters in the customary way."
That pronouncement by the Supreme Court in the McKinney case is consistent with the proposition, which appears evident from the nature of the facility, that to comply with the duty to make it reasonably safe for use by such business invitees (some of whom could be expected to be unskilled in swimming or even unable *877 to swim) the owner-operator should provide some adequate measures (such as by lifesaving equipment and/or skilled supervisory personnel) for rescue and resuscitation of an invitee who was drowning therein. See Pickett v. City of Jacksonville, 155 Fla. 439, 20 So.2d 484.
To dismiss the complaint in this case, which alleged the absence of lifesaving equipment and any supervisory personnel, would amount to holding that as a matter of law the apartment house owner-operator furnishing such a swimming pool facility for his lessees is under no duty to supply any precautionary means for rescue of those of his invitees using the pool who may become in difficulty or even be drowning therein. That, we consider, would be contrary to law and reason. Questions as to the nature and extent of rescue equipment which should be furnished and as to a need for supervisory personnel to be present, in order for the owner-operator to meet the duty to make the pool facility reasonably safe for such invitees, are matters to be determined in a given case from the evidence as it may be presented with respect to numerous factors, including the capacity of the apartment house, the nature of the occupants, the characteristics of the pool, the extent and nature of the use of the facility and other relevant circumstances which may appear in evidence too numerous and detailed to be required to be inserted in a complaint, unless it is considered that the complaint in such a case should allege all of the evidence which would be presented and relied upon at trial on the basis of which the protective measures needed to fulfill the duty are to be determined, rather than to state only the ultimate facts as required by the rules of procedure. The requirement is that a complaint allege ultimate facts, and a case consists not of the pleadings, but the evidence, for which the pleading furnish the basis. Cases are generally to be tried on the proofs rather than on the pleadings.
Accordingly, the judgment of dismissal is reversed and the cause is remanded for further proceedings.
BARKDULL, Judge (dissenting in part).
It was conceded by counsel, at the time of oral argument of this matter, that the cause was submitted without consideration of the allegations in the amended complaint as to lifesaving apparatus not being present on the premises which, I understood, was accepted by the court, the appellee having conceded that the failure to have lifesaving apparatus present was sufficient to support a claim for relief. Therefore, I was of the view that the sole basis for liability in this cause must be either a violation of a common law duty or a violation of a regulation of the Board of Health. The majority found the latter not to be applicable and I agree with this. See: Robbins v. Webb's Cut Rate Drug Co., 153 Fla. 822, 16 So.2d 121; Lewis v. Florida State Board of Health, Fla.App. 1962, 143 So.2d 867; 1 Fla.Jur., Administrative Law, §§ 36, 42.
The amended complaint was silent as to the time of the drowning of the number of units in the apartment house. A pleading is construed most strongly against the pleader. Edwards v. Maule Industries, Inc., Fla.App. 1962, 147 So.2d 5; Drady v. Hillsborough County Aviation Authority, Fla. App. 1966, 193 So.2d 201. For aught that appears in this cause, the apartment house in question could have consisted of two apartments with a swimming pool as an appurtenance thereto. The impact of the majority opinion is to hold that the jury could find that it would be necessary, in such a situation, for a lifeguard to be present. I do not believe there is any such duty at common law, and the Legislature of this State has not seen fit to make it a statutory responsibility.
This cause does not involve duties owed by operators of public swimming pools or *878 bathing areas open to the general public wherein a fixed fee is charged. Of course, a jury could find that those charging the general public a fee for the use of their facilities should furnish lifeguards. In Pickett v. City of Jacksonville, 155 Fla. 439, 20 So.2d 484, the supreme court said, in part:
* * * * * *
"* * * Ordinary care to provide a reasonably sufficient number of attendants for the protection of bathers at a public bathing resort conducted for private gain is a standard of duty in that respect. * * *"
* * * * * *
Research fails to disclose any case in the State of Florida or from any other jurisdiction wherein the providing of a lifeguard for an apartment house has been referred to. Most of the cases relating to swimming pools are found in 48 A.L R.2d 104, 108, which involve duties to the general public when it is invited to a facility for a consideration; 1 A.L.R.3d 963, which relates to a hotel or motel resort, private club, liability for injury, or death of a guest or member; 28 A.L.R.3d 1395, which relates to liability of privately owned swimming pools which are appurtenances to residential premises; and, lastly, 55 A.L.R. 1434, which relates to municipally operated pools and beaches. None of the cases discussed in the aforementioned annotations indicate any common law duty to provide a lifeguard at a swimming pool used as an adjunct to a private apartment house.
Therefore, for the reasons above stated, I would sustain the action of the trial judge in entering the final judgment for the defendant here under review.

ON REHEARING
PER CURIAM.
The petition for rehearing filed by the appellee points out that the statement in the opinion of the court with reference to the requirements or provisions of the State Board of Health pertaining to swimming pools, namely, that "the provisions in question were not in the form of regulations or mandatory requirements, but were in the form of suggestions or statements of policy to the effect that there `should be' such rescue equipment and personnel, for pool safety," was inaccurate in that the provision of the Board of Health with reference to safety equipment was mandatory in form, and it was only the provision of the Board of Health for having a qualified attendant trained in first aid and lifesaving apparatus to be present at times when such a pool was open for use by bathers which was not mandatory in form but (as stated in our opinion), was in the form of a suggestion or statement of policy. Our opinion is corrected accordingly. As thus corrected, our opinion and judgment are adhered to, and the petition for rehearing is denied.
NOTES
[1] Thus, in the McKinney case the Supreme Court said (66 So. at p. 992):

"If a negligent failure to perform a statutory or a common-law duty with reference to the safe condition of the premises customarily used by the patrons of a particular business enterprise is a proximate cause of an injury to a patron who is not guilty of contributory negligence, the proprietor of the business may be liable in damages for such negligent injury."