681 So.2d 905 (1996)
Suzanne TOBIAS, Appellant/Cross-Appellee,
v.
Mariana OSORIO, as Personal Representative of the Estate of Gilber Zambrano, Appellee/Cross-Appellant, and
Ernest Scott, d/b/a Sonny's Stardust Lounge, Appellee/Cross-Appellee.
No. 93-1038.
District Court of Appeal of Florida, Fourth District.
October 23, 1996.
*906 Angela C. Flowers, Kubicki, Draper & Gallagher, P.A., Miami (withdrawn as counsel *907 after filing brief), and W. George Allen of the Law Offices of W. George Allen, Fort Lauderdale (withdrawn as counsel prior to oral argument), for appellant/cross-appellee.
Carlos M. Llorente of Carlos M. Llorente, P.A., Fort Lauderdale, for appellee/cross-appellant.
PER CURIAM.
Suzanne Tobias, Appellant, was convicted and sentenced for DUI manslaughter of Mariana Osorio's twenty-three-year-old son. At the time of the accident, Tobias was a minor. On behalf of herself, her grandson, and her son's estate, Osorio filed an action for wrongful death against Tobias and the owner of the bar, Sonny's Stardust Lounge, where Tobias supposedly became intoxicated.
At trial, there was no evidence regarding the amount of the decedent's salary, although one witness testified that the decedent worked at the airport and another testified he worked for J.C. Penney. The jury awarded a total of $600,000 in damages against Tobias, $150,000 of which represented net accumulations of the decedent's estate. The jury also found the lounge was entitled to a complete defense under section 562.11(b), Florida Statutes (1995), and thus declined to assess damages against the lounge.
Tobias appeals the jury's damages award, claiming that it was excessive and manifestly unsupported by the evidence. With regard to that portion of damages for net accumulations, we agree.
A large damage award, by itself, is not necessarily indicative of an excessive or improper verdict. Zambrano v. Devanesan, 484 So.2d 603 (Fla. 4th DCA), rev. denied, 494 So.2d 1150 (Fla.1986). However, if the jury's verdict is so extravagant that it shocks the judicial conscience, is manifestly unsupported by the evidence, or otherwise affirmatively indicates that the jury has been unduly influenced by passion, prejudice, or other matters outside the record, only then may the court, in its discretion, strike down the verdict. Allred v. Chittenden Pool Supply, Inc., 298 So.2d 361 (Fla.1974). Absent this, the amount of damages rests solely within the jury's sound discretion, and the jury's decision must be given great credence. Wise v. Jacksonville Gas Corp., 97 So.2d 704 (Fla. 1st DCA 1957); Rety v. Green, 546 So.2d 410 (Fla. 3d DCA), rev. denied, 553 So.2d 1165 (Fla.1989).
With regard to net accumulations, the jury's damages award is contrary to the manifest weight of the evidence. "Net accumulations" is defined as that "part of the decedent's expected net business or salary income, including pension benefits, that the decedent probably would have retained as savings and left as part of his estate if he had lived his normal life expectancy." § 768.18(5), Fla. Stat. (1995). Here, while two witnesses testified as to where the decedent worked, the record fails to reveal elicited testimony, or any other evidence, of the decedent's salary, let alone how much the decedent might have saved throughout his normal life expectancy. Without this evidence, which provides the basis for the statutory definition of "net accumulations," the jury's award of $150,000 for net accumulations constitutes a severe abuse of their discretion. Arab Termite & Pest Control, Inc. v. Jenkins, 409 So.2d 1039 (Fla.1982); Rety, 546 So.2d at 418, 420.
Therefore, we remand this case to allow the trial court to offer a remittitur of the highest possible damage award allowable under the evidence presented, with instructions that if Osorio declines to accept the remittitur, a new trial on damages be held. See Lassiter v. International Union of Operating Eng'rs, 349 So.2d 622 (Fla.1976); Zambrano, 484 So.2d at 610. However, with regard to the rest of the damages award, we affirm.
We turn now to Osorio's cross-appeal against the lounge. Osorio claims that the lounge was not entitled to a receive a jury instruction that delineated a complete defense to liability for drinking establishments. See § 562.11(b), Fla. Stat. (1995). Osorio further argues that even if the lounge was entitled to such an instruction, the trial court reversibly erred by using confusing, contradictory, and misleading language in the jury instruction. We agree.
*908 At trial, the lounge's defense strategy was to question whether Tobias had visited the lounge the evening of the accident. Pursuant to this defense strategy, the lounge owner testified that he did not remember whether Tobias had been there that evening. Additionally, one of Tobias's friends testified that she had been with Tobias on several occasions when Tobias had used false identification to drink at various bars. Tobias, however, testified that she became intoxicated at the lounge that evening, and the lounge had failed to check for her identification before serving her alcohol.
At the close of evidence, the lounge requested a jury instruction pursuant to section 562.11(b). Under section 562.11(b), a drinking establishment that serves alcohol to a minor has a complete defense against civil liability if (1) the minor falsely evidenced he or she was of legal drinking age, (2) the establishment carefully checked the minor's identification, and (3) the establishment, in good faith and upon reliance of the presented identification and the minor's appearance, believed the minor was of legal drinking age. The trial court gave the following instruction:
On the Defense, you are instructed as a matter of law that ... Sonny's Stardust Lounge has a complete defense in a civil action arising out of allegations of serving alcoholic beverages to a minor if at the time the alcoholic beverage was served, the minor was of legal drinking age and the experience of the person was such that an ordinary prudent person would believe her to be of legal drinking age and if the licensee carefully checked one of the following forms of identification: the person's drivers license and identification card or the person's passport; and in reliance upon the representation and appearance of the person in the belief that she was of legal drinking age to purchase or consume alcoholic beverage.
On the Defense, you are instructed as a matter of law that a person who sells or purchases alcoholic beverages to furnish alcoholic beverages to a person who is not of lawful drinking age shall not thereby become liable for injury or damage caused by or resulting from the intoxication of such person except that person who willfully and unlawfully sells or furnishes alcoholic beverages to a minor may become liable for injury or damage caused by or resulting from the intoxication of such minor.
Pursuant to this instruction, the jury found the lounge did not willfully and unlawfully furnish alcoholic to Tobias and returned a verdict in favor of the lounge.
Here, in order for the lounge to have been entitled to a defense under section 562.11(b), it must have presented this defense by either motion or responsive pleading and proven each of the statutory elements. See Fla. R. Civ. P. 1.140(b), (h); Sanford v. A.P. Clark Motors, Inc., 45 So.2d 185 (Fla. 1950); Robbins v. Webb's Cut Rate Drug Co., 153 Fla. 822, 16 So.2d 121 (1943). Yet, the lounge did neither.
Further, only where all three requirements under section 562.11(b) are shown may an establishment be entitled to a complete defense against civil liability resulting from an injury subsequently caused by the minor. See § 562.11(b). The lounge's defense strategy that Tobias did not visit the lounge before her accident, and the evidence it presented to the jury in support of this strategy, had nothing to do with section 562.11(b)'s requirements. On the other hand, Tobias testified that not only was she at the lounge before the accident, but the lounge failed to check her identification before serving her alcohol. Because the lounge did nothing to rebut this testimony and thus carry its burden of proof with regard to a defense under section 562.11(b), it was not entitled to claim section 562.11(b) as a defense. See Sanford, 45 So.2d at 185. Therefore, the trial court should not have instructed the jury on the section 562.11(b) defense. See Bulldog Leasing Co. v. Curtis, 630 So.2d 1060 (Fla.), cert. denied, ___ U.S. ___, 115 S.Ct. 141, 130 L.Ed.2d 82 (1994); Youngentob v. Allstate Ins. Co., 519 So.2d 636 (Fla. 4th DCA 1987).
We should also note that the phrasing of the instruction, as given, was misleading and seemingly contradictory to section 562.11(b)'s requirements. The instruction given was also internally conflicting and confusing, in that it specified a complete defense was available if an establishment served alcohol *909 to a minor who was of legal drinking age. By definition, however, a minor is never of legal drinking age. Therefore, we caution that if, on remand, the lounge presents the elements of section 562.11(b)'s defense and otherwise becomes entitled to a section 562.11(b) jury instruction, then the given instruction must remain true to the statutory elements and free of confusing and conflicting language. See generally Smith v. State, 521 So.2d 106, 109 (Fla.1988)(Barkett, J., concurring); Schwab v. Tolley, 345 So.2d 747 (Fla. 4th DCA 1977).
In sum, on direct appeal, we find that the jury's damages award for net accumulations is excessive and unsupported by the record. Accordingly, we reverse the jury award against Tobias with regard to net accumulations and remand for an offer of remittitur, with instructions that if the remittitur is refused, a new trial on damages be held. In all other aspects on direct appeal, we affirm.
On cross-appeal, we find that the trial court erred in instructing the jury on the section 562.11(b) defense because the lounge failed to present any evidence of the statutory requirements at trial. Accordingly, we reverse the jury verdict with regard to Osorio's claim against the lounge, remanding for a new trial on the issues of the lounge's liability and damages.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
GUNTHER, C.J., and POLEN and FARMER, JJ., concur.