BENTON, J.
This is an appeal of an arbitration award entered pursuant to section 766.207, Florida Statutes (2001). The claims arise out of the death of Samuel Edward Barlow while he was a patient at North Oka-loosa Medical Center. On appeal, Evelyn Barlow, his widow and the personal representative of his estate, contends that the arbitrators improperly relied on expert testimony in determining the extent of damages. We find no impropriety. The Medical Center’s offer to arbitrate resolved the question of liability and placed on Mrs. Barlow the burden to prove the amount of any damages at arbitration. See § 766.207(2), Fla. Stat. (2001) (providing that “the parties may elect to have damages determined by an arbitration panel”). She was free to call expert witnesses just as the Medical Center did.
Mrs. Barlow also complains that the arbitration panel’s award was too low because it failed to include anything as an element of damages on account of the decrease in household social security benefits occasioned by her husband’s death. If Mr. Barlow were still alive, he and his wife would together be receiving approximately $16,000 a year in social security retirement payments. As it is, on her own, Mrs. Barlow currently receives approximately $11,000 a year in social security retirement payments. See 42 U.S.C. § 402(e)(l)(A-D) (1991 & Supp.2001) (allowing a surviving spouse to receive the old age benefit the deceased spouse would have received). Thus, on an annual basis, Mrs. Barlow receives approximately $5,000 less than she and her husband would be receiving if he were still alive.
The Medical Center argues that social security benefits (of whatever nature) ought not be considered in computing economic damages, except as collateral sources which offset net economic damages, in accordance with section 766.207(7)(a), Florida Statutes (2001). But section 766.202(2)(a), Florida Statutes (2001), defines collateral sources to include
any payments made to the claimant, or made on his or her behalf, by or pursuant to:
(a) The United States Social Security Act; any federal, state, or local income disability act; or any other public programs providing medical expenses, disability payments, or other similar benefits, except as prohibited by federal law.
(Emphasis supplied.) Unlike social security disability benefits, social security retirement benefits are not payments designed to provide “medical expenses, disability payments or other similar benefits.” See *73 42 U.S.C. § 416© & © (1991 & Supp.2001) (defining “disability” and “retirement age”). Social security retirement benefits are not collateral sources within the meaning of sections 766.201-766.212, Florida Statutes (2001).
Although the arbitration panel correctly rejected the Medical Center’s contention that social security retirement benefits ought to be treated as collateral source payments, the panel nonetheless denied Mrs. Barlow any award on account of lost social security benefits, stating:
No award was made for lost social security benefits to the estate since the Claimants failed to establish that there would exist any net accumulation after consumption. Stated differently, Claimants failed to demonstrate that the social security benefits did not fairly represent the monies that would have been required to maintain the decedent. Notably, Section 766.207(7)(a), Florida Statutes, calls for an award of “net economic damages,” and there is no apparent reason to conclude that established principles used to calculate net economic damages should not apply to this case.
As surviving spouse and personal representative, Mrs. Barlow was entitled to recover the loss of prospective net accumulations, which might reasonably have been expected but for Mr. Barlow’s wrongful death, reduced to present money value. See § 768.21(6)(a), Fla. Stat. (2001).
Mrs. Barlow was afforded an opportunity to prove as a predicate for this element of damages the amount, if any, by which Mr. Barlow’s estate was diminished on account of his early death. To prove a loss in prospective net accumulations, however, she had to show not only a fall in household income, but also that lower expenses did not offset the drop. See § 768.18(5), Fla. Stat. (2001) (defining net accumulations as that part of earnings “that the decedent probably would have retained as savings and left as part of her or his estate”); Tobias v. Osorio, 681 So.2d 905, 907 (Fla. 4th DCA 1996) (explaining that under the wrongful death statute, “net accumulations” is the part of the decedent’s expected income which the decedent probably would have retained as savings). The arbitration panel concluded that Mrs. Barlow failed to carry her burden to prove that there would have been net accumulations, if her husband had lived. See Ellis v. Golconda Corp., 352 So.2d 1221, 1227 (Fla. 1st DCA 1977) (concluding that there was “not any record basis for an award for loss of net accumulation of [decedent’s] prospective estate” in the absence of proof of decedent’s expenses); Seaboard Coast Line R.R. Corp. v. Robinson, 263 So.2d 626, 627 (Fla. 2d DCA 1972) (reversing a jury award of damages in a wrongful death action where there was no evidence that the decedent’s income from social security and gratuitous financial assistance exceeded her day to day needs). On this record, no error has been shown.
Affirmed.
ERVIN and POLSTON, JJ., concur.