STEVENSON, C.J.
This is an appeal from a judgment in favor of the landlord, Florida Sunrise, Ltd., and against its property manager, Lawrence Maestri, and his related companies, in a case involving a multi-party dispute between the landlord, the property manager and former tenants. We affirm the liability judgment, but reverse the damages award.
Florida Sunrise, the owner of an office building called Florida Sunrise Tower, hired appellants, Lawrence Maestri and his company, Maestri-Murrell, Inc., to serve as the property manager. In addition to serving as property manager, Maestri also leased space in the building to operate Tri-M Investments, Inc. (“TriM”), an “executive office’suite” business. Maestri later sold the business to Traci and Ted Baturin. The Baturins created Tri-M Investments of South Florida, Inc. (“Tri-MSF”) to run their newly-acquired executive office- suite business. Tri-MSF then entered into a lease with Florida Sunrise for the space previously leased by Maestri to continue to operate the business. During the course of the lease, Florida Sunrise advised Tri-MSF that the leased space actually contained 9,046 square feet, not 7,113 as previously calculated, and demanded additional rent. Consequently, Tri-MSF vacated the premises.
Florida Sunrise filed a complaint against Tri-MSF for eviction and- other related claims. Tri-MSF counterclaimed, alleging breach of lease and other legal and equitable theories. Florida Sunrise then filed a third-party complaint against Maestri and his companies (collectively referred to as the “Maestri defendants”), contending that Maestri, as property manager, had a duty to correctly identify and verify the square footage of the building for the purposes of collecting and accounting for rents due. Florida Sunrise sued. Maestri-Murrell for breaching its fiduciary duty and the implied covenant of good faith and fair dealing and sued Maestri and Tri-M for fraud in the inducement, conversion, negligent misrepresentation, and unjust enrichment. The claims, counter-claims, and third-party claims were tried by jury in the same trial.At the conclusion of the evidence, the jury found against Florida Sunrise with respect to its claims against Tri-MSF. The jury found in favor of Tri-MSF with respect to its counterclaims against Florida Sunrise *584 and awarded $735,000; the verdict form did not delineate the award as to each count of the complaint.[1] On Florida Sunrise’s third-party complaint against the Maestri defendants, the jury found that Lawrence Maestri and Tri-M accepted and retained benefits without paying for them, fraudulently induced Florida Sunrise to enter into the lease with Tri-MSF, and negligently misrepresented a material fact to Florida Sunrise; the jury awarded $126,340.19 to Florida Sunrise for these claims.[2] The jury further found that the Maestri defendants fraudulently concealed a material fact from Florida Sunrise and that Maestri-Murrell breached its covenant of good faith and fair dealing and its fiduciary, duty to Florida Sunrise. On these claims, the jury awarded Florida Sunrise $551,250 against the named third-party defendants.
In Florida Sunrise, Ltd. v. Tri-M Investments of South Florida, Inc., 942 So.2d 421 (Fla. 4th DCA 2006) (hereinafter referred to as Florida Sunrise v. Tri-MSF), this court reversed the damages awarded to Tri-MSF and remanded the case for remittitur. In this appeal, Maestri challenges the trial court’s denial of his motions for directed verdict and remittitur. We have carefully examined the record and find no reversible error with regard to the trial court’s denial of any of the motions. Nevertheless, in view of our reversal of the damages award and remand for remittitur in Florida Sunrise v. Tri-MSF, we must also reverse the damages award in this case and remand for remittitur as well. In Florida Sunrise v. Tri-MSF, this court held that the lost profits component of the damages award was not sustainable since it was based on speculation regarding virtual office space and offers to buy the business. Further, this court found that testimony concerning potential buyers being “scared away” by Florida Sunrise was too speculative to support any damages for that aspect of the tortious interference claim and that $10,000 should have been deducted from the net profit calculation for officer compensation. Because the specific damage award for each cause of action was indeterminable from the verdict form, this court remanded for the trial court to determine an appropriate remittitur based on the highest damages award sustainable from the evidence at trial. The court’s decision further provided for a new trial if the trial court was unable on remand to determine an -appropriate amount for remittitur or if Tri-MSF declines to accept the remittitur.
In this three-tier dispute, a portion of the damages to Florida Sunrise caused by the conduct of the Maestri defendants was necessarily based on the damages which Florida Sunrise became obligated to pay to Tri-MSF as a result of its claims. The amount of those damages is now unsettled by the reversal in Florida Sunrise v. Tri-MSF. Counsel for Florida Sunrise conceded at oral argument that remittitur in some amount would be appropriate to the extent that the damages award in the instant case was predicated on those components of the damages which were reversed in Florida Sunrise v. Tri-MSF. Accordingly, we reverse the damages award in the instant case and remand for the trial court to determine an appropriate remitti *585 tur based on the highest award sustainable after the proceedings on remand in Florida Sunrise v. Tri-MSF, have been completed. As in Florida Sunrise v. Tri-MSF, in the event the trial court is unable to determine an appropriate amount for remittitur, or the third-party defendants decline to accept the remittitur, we remand for a new trial. See Tobias v. Osorio, 681 So.2d 905 (Fla. 4th DCA 1996).
The judgment on appeal is affirmed m part and reversed in part. This cause is remanded for further proceedings consistent with this decision.

Affirmed in part, Reversed in part, and Remanded.

KLEIN and SHAHOOD, JJ., concur.

. The jury found for Tri-MSF and against Florida Sunrise on each of Tri-MSF’s claims for breach of. lease, breach of implied covenant of good faith and fair dealing, wrongful eviction, tortious interference with business relationships, conversion, and unjust enrichment.

. The trial court reduced the damages awarded as to these claims by the 20% comparative negligence the jury found on the part of Florida Sunrise.